STATE, RESPONDENT, *v.* RHYS, APPELLANT.

(No. 2,728.)

(Submitted November 27, 1909.  Decided December 8, 1909.)

[105 Pac. 494.]

*Criminal    Law—Forgery—Cross-examination — Nonprejudicial Error—County Attorney—Misconduct.*

Criminal Law—Forgery — Cross-examination — Improper  Questions — Nonprejudicial Error.
   1.   While it was error to permit the county attorney to ask defendant, charged with forgery, whether he had not been in trouble of a similar character before at a certain time and place, it was rendered nonprejudicial by his positive answer in the negative.

Same—Nonprejudicial Error—Reversal.
   2.   A judgment of conviction will not be reversed for error in the trial proceedings, unless it has prejudiced, or tended to prejudice, defendant in respect to a substantial right. (Revised Codes, secs. 9415, 9548.)

Same—Evidence—Objections—When too Late.
   3.   An objection, made to a question after the witness has answered, comes too late, unless the answer was given before counsel had an opportunity to object.

Same—Overruling  Objections—When not Error.
   4.   Where none of a series of questions, asked defendant on cross-examination, were answered, error cannot be predicated upon the action of the court in overruling objections to them.

Same—Cross-examination—Scope.

5. When accused goes upon the witness-stand in his own behalf and denies the commission of the crime with which he stands charged, he may properly be cross-examined, not only as to all facts stated by him on his direct examination, but also as to all others either directly or indirectly connected with them.

Same—Evidence—County Attorney—Misconduct—What Constitutes.

6. In order to constitute the mere asking of questions, in a criminal prosecution, such misconduct on the part of the prosecuting attorney as to require reversal of a judgment of conviction, they must have been so far improper that it would amount to an impeachment of his legal learning to say that he did not know that they were manifestly improper and wholly unjustifiable.

Same—Evidence—County Attorney—Misconduct—Instructions.

7. Where objections to certain questions, asked defendant and his wife by the county attorney, had been sustained, an instruction to the jury requested by the prosecuting attorney himself, not to pay any attention to what they had heard with reference to the questions, and a further one that in arriving at their verdict they should entirely disregard any statement of counsel as to any fact proof of which had not been admitted or ordered stricken, sufficiently guarded the rights of accused.

*Appeal from District Court, Silver Bow County; Michael Donlan, Judge.*

J. H. RHYS was convicted of forgery, and appealed from the judgment of conviction and an order denying him a new trial. Affirmed.

*Messrs. Mackel & Meyer,* and *Mr. John F. Davies,* submitted a brief in behalf of Appellant. Oral argument by *Mr. Wm. Meyer.*

The purpose of the questions asked defendant and his wife on rebuttal was to show that he had committed forgeries other than the one with which he stood charged.

It is true that the court did order the testimony stricken from the record and instructed the jury to disregard it, and sustained objections to some of the questions asked. However, this does not change the situation. The harm lies in the asking of questions, and the mere sustaining of an objection to them, or afterward striking the testimony from the record, does not cure the misconduct of the county attorney in the asking of them in the first instance. (*People* v. *Wells,* 100 Cal. 459, 34 Pac. 1078; *People* v. *Mullings,* 83 Cal. 138, 17 Am. St. Rep. 223, 23 Pac. 229; *People* v. *Un Dong,* 106 Cal. 83, 39 Pac. 12; *People* v.

*Morton,* 139 Cal. 719, 73 Pac. 612; *People* v. *Derbert,* 138 Cal. 467, 71 Pac. 564; see, also, *State* v. *Gleim,* 17 Mont. 17, 52 Am. St. Rep. 655, 41 Pac. 998, 37 L. R. A. 294; *State* v. *Trueman,* 34 Mont. 249, 85 Pac. 1024.) Courts universally condemn a practice of this kind, and where the prosecuting officer indulges in such tactics, a reversal will be granted. (*People* v. *Crandall,* 125 Cal. 129, 57 Pac. 787; *State* v. *Irwin,* 9 Idaho, 35, 71 Pac. 608, 60 L. R. A. 716; *Leo* v. *State,* 63 Neb. 723, 89 N. W. 303; *People* v. *Cahoon,* 88 Mich. 456, 50 N. W. 384; *Slate* v. *Gottfreedson,* 24 Wash. 398, 64 Pac. 523; *State* v. *Roscum,* 119 Iowa, 330, 93 N. W. 296; *State* v. *Shockley,* 29 Utah, 25, 110 Am. St. Rep. 639, 80 Pac. 874; *Gale* v. *People,* 26 Mich. 157.)

There was a brief, on behalf of the State, by *Mr. Albert J. Galen,* Attorney General, and *Mr. E. M. Hall,* Assistant Attorney General. *Mr. Hall* argued the cause orally.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

The defendant was convicted of forgery, and appeals from the judgment and from an order denying him a new trial. The specifications of error relate to the rulings of the trial court in admitting evidence, and to the alleged misconduct of the county attorney.

1. Upon cross-examination of the defendant while a witness in his own behalf, he was asked by the county attorney: "Were you not in trouble of a similar character in May or June, having cashed a check taken from a letter sent from the Miner building to the United States postoffice at Butte, Mont., mailed in June, 1908?" Conceding that the evidence was incompetent for the purpose offered, and that the ruling of the trial court was erroneous, it is manifest that defendant was not prejudiced thereby. He answered: "No; I am absolutely certain of it." Sections 9415 and 9548, Revised Codes, dealing with proceedings in this court on appeals in criminal cases, provide:

"Sec. 9415. After hearing the appeal, the court must give judgment without regard to technical errors or defects, or to

exceptions, which do not affect the substantial rights of the parties."

"Sec. 9548. Neither a departure from the form or mode prescribed by this code in respect to any pleading or proceeding, nor any error or mistake therein, renders it invalid, unless it has actually prejudiced the defendant, or tended to his prejudice, in respect to a substantial right."

This court will not reverse a judgment for error in the trial proceedings, unless it has prejudiced, or tended to prejudice, the defendant in respect to a substantial right. (*State* v. *Gordon,* 35 Mont. 458, 90 Pac. 173; *State* v. *De Lea,* 36 Mont. 531, 93 Pac. 814.)

2. In rebuttal the county attorney called the defendant and asked him this question: "Was it not your duty, also, after the checks had been written by you and signed by Mr. Devine, general manager of the company, and countersigned by J. K. Heslet, its secretary, to deliver these checks to the persons in whose favor they had been drawn?" to which the witness replied, "Yes." After the answer was made, counsel for appellant interposed an objection, which was overruled, and properly so. Counsel cannot sit by until a question has been answered, and then, if he deems the answer inimical to his client's interest, object to it. Of course, if it appeared that the answer had been made before counsel had an opportunity to object, he could not be held to have waived his right to object. But there is not any showing made here that such was the case, and under the rule this objection came too late. (*Poindexter & Orr L. S. Co.* v. *Oregon Short Line R. Co.,* 33 Mont. 338, 83 Pac. 886; *Martin* v. *Corscadden,* 34 Mont. 308, 86 Pac. 33.)

3. Upon his direct examination the defendant testified that he had been employed by the Butte Miner. On cross-examination he was asked by the county attorney: "What was the reason you quit?" This was objected to, and the objection overruled, but, without waiting for an answer, the county attorney immediately asked another question: "What was the cause of your discharge from the Miner?" The question was objected to, the

objection overruled, but again there was not any answer to the question asked, but the witness proceeded to testify about other matters. The witness was also asked: "Among your duties there [in the Miner office] was it not your duty to write out the body of the checks for the people employed there?" An objection to this question was overruled, and apparently without waiting for an answer, the county attorney asked the question considered in paragraph 2 above.

The wife of the defendant was asked by the county attorney the following questions: "I would like to ask you at this time, what, if anything, you know of a transaction had between your husband and C. C. Curtis and C. T. Douglas, doing business in the name of Curtis & Douglas, and your father during the month of May, 1908?" And again: "At this time I will ask you if you know about his signing his time that month?" The objection to each of these questions was sustained.

The defendant was asked by the county attorney to identify a certain check, and gave some evidence with reference to it, when he was interrupted by his counsel with an objection to any further cross-examination upon the matter. The objection was sustained, and the county attorney then said: "I will ask the court to instruct the jury not to pay any attention to what they have heard with reference to this particular check, and not to be in any way prejudiced by it—to eliminate it from their minds." By the court: "Very well. The jury are instructed and admonished to pay no attention to this evidence on this check." In one of the written instructions the court said: "Any statements of counsel as to what they expect to prove or offer to prove, or any attempt to prove a fact, the proof of which is not admitted by the court, or which has been ordered stricken from the record by the court, must be entirely disregarded and dismissed from your minds, and it must in no wise affect your verdict."

There cannot be error predicated upon the rulings of the trial court with reference to the first three questions above, for not one of them was answered. Neither can error be urged by

appellant to the three subsequent rulings, for each was in his favor. But it is contended that the mere asking of these several questions shows such misconduct on the part of the county attorney that there should be a reversal of the judgment. We are not prepared to say that each of the first three questions was not proper, though the purpose in asking them is not clear. When a defendant goes upon the witness-stand in his own behalf, and denies the commission of the crime with which he is charged, a very wide latitude of cross-examination is allowed. (*State* v. *Rogers,* 31 Mont. 1, 77 Pac. 293.) In *State* v. *Howard,* 30 Mont. 518, 77 Pac. 50, this court said: "The right of cross-examination extends, not only to all facts stated by the witness in his original examination, but to all other facts connected with them, whether directly or indirectly, which tend to enlighten the jury upon the question in controversy, and this right should not be restricted unduly." But, however this may be, we do not think that the questions asked of defendant or his wife are so far improper that misconduct on the part of the prosecuting officer in asking them can be fairly inferred. It will not do to draw the inference of misconduct on the part of the county attorney from the mere fact that he has asked questions which ought not to have been asked. In order to constitute such misconduct, the questions must be so far improper that it would amount to an impeachment of the legal learning of the attorney to say that he did not know that they were manifestly improper and wholly unjustifiable. We agree fully with the doctrine announced in the cases cited by counsel for appellant; and, if the facts in this case warranted it, we would not have any hesitation in reversing this judgment, but certainly a very broad distinction is to be made between the facts of this case and the facts as they appeared in *State* v. *Rogers,* above, and in *State* v. *Gleim,* 17 Mont. 17, 52 Am. St. Rep. 655, 41 Pac. 998, 31 L. R. A. 294, *State* v. *Trueman,* 34 Mont. 249, 85 Pac. 1024, and in *State* v. *Crowe,* 39 Mont. 174, 102 Pac. 279. We think, however, that the court exercised its discretion wisely in giving the instructions quoted above, and in so doing fully guarded the rights of the accused.

We do not find any error in the record.   The judgment and
order are affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SMITH con-
cur.