(98 South. 82)

No. 26109.

STATE v. DEAN.

(Nov. 12, 1923.)

*(Syllabus by Editorial Staff.)*

1. **Statutes ⬤⇒241(1)—Penal statutes strictly construed, and prosecutions thereunder must substantially comply with provisions.**

Penal statutes are strictly construed, and prosecutions brought under them must substantially comply with their provisions.

2. **Highways ⬤⇒186—"Gross negligence" causing injury while operating motor vehicle, punishable under statute, held more than mere "negligence."**

Gross negligence as used in Act No. 237 of 1914, § 1, declaring that a person who injures another through gross negligence and recklessness while operating a motor vehicle, shall be guilty of a misdemeanor, means something more than a mere omission of duty, or mere negligence, which is the omission to do something which a reasonable man guided upon those considerations which ordinarily regulate the conduct of human affairs would do, or doing something which a prudent and reasonable man would not do.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Gross Negligence; Negligence.]

3. **Highways ⬤⇒186 — Indictment charging recklessness in operation of motor vehicle held insufficient to charge statutory offense.**

Under Act No. 237 of 1914, making it an offense to cause injury to one person by another by "gross negligence and recklessness" while operating a motor vehicle, an indictment merely charging recklessness in the operation of a motor vehicle which resulted in injury to another is insufficient to charge the offense denounced.

Appeal from 26th Judicial District Court, Parish of Washington; Prentiss B. Carter, Judge.

Steadman Dean was convicted of an offense, and he appeals. Verdict and sentence annulled, and accused ordered discharged.

Miller & Miller, of Bogalusa, for appellant. A. V. Coco, Atty. Gen., and J. Vol Brock, Dist. Atty., of Franklinton (T. Semmes Walmsley, of New Orleans, and A. J. Bordelon, of Marksville, of counsel), for the State.

By Division A, composed of O'NIELL, C. J., and ROGERS and BRUNOT, JJ.

BRUNOT, J. The defendant appeals from a conviction and sentence under an indictment charging that he "willfully and unlawfully did, while operating a motor vehicle in a reckless manner, run into and injure one Beatrice Burris," etc.

There are two bills of exception in the record.

Bill No. 1 was reserved to the overruling of a motion in arrest of judgment, which alleges that the indictment charged no offense denounced by the laws of Louisiana.

Bill No. 2 was reserved to the overruling of a motion in arrest of judgment, which alleges the unconstitutionality of act No. 237 of 1914, the act under which the defendant was indicted, prosecuted, and convicted.

Section 1 of the act is as follows:

"Be it enacted by the General Assembly of the state of Louisiana that if any person or persons use gross negligence and recklessness, and all persons aiding or assisting, or encouraging such gross negligence and recklessness, while operating any motor vehicle, shall, through such gross negligence and recklessness cause any injury to any person, whether such person injured be a passenger on said motor vehicle or not, where death does not result from such injury, the one guilty of such gross negligence and recklessness, or of aiding or assisting or encouraging such gross negligence and recklessness, shall be deemed guilty of a misdemeanor, and on conviction thereof shall suffer a fine not exceeding one thousand dollars, or imprisonment not exceeding two years, or both, at the discretion of the court."

The question presented by Bill No. 1 is whether the words used in that part of the indictment charging the offense comply with or substantially comply with the provisions of the statute. The indictment charges that

the defendant "willfully and unlawfully did, while operating a motor vehicle in a reckless manner, run into and injure one Beatrice Burris."

The offense denounced by the act is any injury to one person by another through gross negligence and recklessness while operating a motor vehicle. In our opinion the words "gross negligence and recklessness" were used advisedly and in the conjunctive sense, and this conclusion is emphasized by the use of these descriptive words five times in section 1 of the act. It was clearly the intent of the lawmaker that "gross negligence and recklessness" should be interpreted to mean something more, or a greater degree of negligence and recklessness than a mere omission of duty, or a rashly negligent, careless, and heedless act.

Numerous definitions of negligence, more or less variant, are found in the text-books. The most generally recognized is as follows:

"Negligence is the omission to do something which a reasonable man, guided upon those considerations which ordinarily regulate the conduct of human affairs, would do, or doing something which a prudent and reasonable man would not do." Blyth v. Birmingham Waterworks Co., 25 L. J. Exch. 212.

This definition has been frequently cited, and, although it has been qualified and limited by courts and text-writers, it has, in the main, been adhered to.

The theory that there are degrees of negligence, slight, ordinary, and gross, comes from the commentators on Roman law, but modern common-law authority is opposed to this view, subject, however, to some exceptions, notably when the provisions of a statute leave no doubt of a different legislative intent, or where, in the enforcement of a penal statute, the definition of criminal negligence must be followed, or in suits wherein exemplary damages are claimed.

[1] It is the universally accepted rule that penal statutes are strictly construed, and prosecutions brought under them must substantially comply with their provisions. Criminal negligence is defined to be "a dereliction of duty under circumstances showing an actual intent to injure, or such a conscious and intentional breach of duty as to warrant an implication that the injuries were intended." Am. & Eng. Ency. vol. 21, p. 459.

[2] Gross negligence means something more than a mere omission of duty. Lary v. Cleveland, etc., R. Co., 78 Ind. 323, 41 Am. Rep. 572; Milwaukee, etc., R. Co. v. Arms, 91 U. S. 489, 23 L. Ed. 374.

[3] A strict construction of the statute we are considering leads us to the conclusion that whatever may have been the degree of negligence intended by the author of Act 237 of 1914, it is nevertheless clear that the Legislature did not intend that ordinary negligence and recklessness in the operation of a motor vehicle was sufficient to bring the act within the terms of the statute. It therefore follows that an indictment which merely charges recklessness in the operation of a motor vehicle which resulted in injury to another is not a compliance with either the letter or spirit of the act.

As the indictment does not substantially charge the offense denounced by the act, the lower court erred in overruling the motion in arrest of judgment. This conclusion disposes of the case, and the court's consideration of Bill No. 2 is unnecessary.

It is therefore ordered that the verdict and sentence appealed from be annulled, avoided, and set aside, and that the accused be discharged.