ROGERS, Justice.
 

 This is a mandamus proceeding to compel the City of Shreveport to grant relator, Robert D. Chalmers, a certificate .authorizing him to operate a taxi cab and livery service on furnishing a policy of public liability and property damage insurance in the sum of $5000 on each vehicle operated by him, issued by a surety company authorized to do business in this State. Relator also prays for a judgment declaring to be unconstitutional section 3, subsection d, paragraph 2 of Ordinance No. 30 of 1936 of the City of "Shreveport, setting forth the qualifications of an insurance or surety company issuing indemnity bonds required by the ordinance for conducting or carrying on a public transportation service in the municipality.
 

 The City of Shreveport refused to issue relator a certificate authorizing him to operate a public taxi cab and livery service on the ground that he had not complied with that part of the ordinance which he seeks to have declared unconstitutional.
 

 The case was tried, argued and submitted in the district court on an agreed statement of facts and judgment was rendered rejecting relator’s demands .and dismissing the suit. This appeal followed.
 

 The City of Shreveport has filed a motion in this Court to remand the case, alleging that since the rendition of the judgment in the district court the relator has filed a petition with the City Council of Shreveport for a certificate authorizing him to operate a taxi cab service, in which petition relator avers that he is able to furnish liability and property damage insurance in a company possessing the qualifications prescribed by that part of the municipal ordinance which relator is attacking in this suit as being unconstitutional ; that the municipal council has accepted the petition and annexed documents as sufficient for a certificate so far as compliance with the insurance coverage required by the ordinance is concerned. Mover further alleges that the matter in controversy has become a moot question as may be readily shown by testimony to
 
 *313
 
 be adduced in the district court of the facts alleged in the motion, and that the case should be remanded for that purpose and such proof, if made, to be used in support of an application to dismiss this appeal.
 

 Relator, who, according to the attached certificate, was served with a copy, has not filed any opposition or made any objection to the granting of respondent’s motion.
 

 It is therefore ordered that this case be remanded to the district court for the purpose of allowing mover to adduce proof of the facts set forth in the motion, to be used by mover in support of a motion to dismiss the appeal to be filed later.