100 So.2d 873

**STATE of Louisiana**

v.

**Robert G. KERSHAW.**

No. 43848.

Feb. 10, 1958.

Rehearing Denied March 17, 1958.

Jack P. F. Gremillion, Atty. Gen., M. E. Culligan, Asst. Atty. Gen., Bertrand De-Blanc, Dist. Atty., Lafayette, Charles T. Everett, Asst. Dist. Atty., Crowley, for appellant.

Allen C. Gremillion, Emile A. Carmouche, Jr., Crowley, for appellee.

FOURNET, Chief Justice.

The defendant, Robert Kershaw, having been indicted for the issuance of a worthless check under R.S. 14:71 [1] and furnished in a bill of particulars with all requested information as to the manner in which it was issued and delivered, moved to quash the indictment. The State prosecutes this appeal from a judgment sustaining that motion.

---

1. The pertinent part of this statute, Article 71 of the Criminal Code, provides: "Issuing worthless checks is the issuing in exchange for anything of value, with intent to defraud, of any check, draft, or order for the payment of money upon any bank or other depository, knowing at the time of the issuing that the offender has not sufficient credit with the bank or other depository for the payment of such check, draft, or order in full upon its presentation."

It appears the grand jury on September 17, 1957, returned an indictment charging that the defendant did, "on or about the 5th day of March * * * (1957) issue to Canal Refining Company in exchange for petroleum products having a value of $1212.61 in lawful money of the United States with the intent to defraud a check for the payment of money in the sum of $1212.61 dated March 5, 1957 drawn on the Enterprise Boulevard Branch of the Calcasieu Marine National Bank of Lake Charles, payable to the order of Canal Refining Company and signed by the said Robert Kershaw out of an account entitled 'J. & R. Petroleum Sales by Bob Kershaw,' knowing at the time * * * he * * * did not have in said account sufficient credit with the said Bank for the payment of such check in full upon its presentation."

On October 9, 1957, defendant sought, in a bill of particulars, to have the State furnish him with certain information in connection with the issuance of the check and the State, in compliance therewith, on October 15, 1957, informed him, in substance, that the check, given in payment for gasoline he received, was signed in blank and delivered along with other checks through the United States mail to the company prior to the date on the face, being filled in as to amount, payee, and date by an employee of the company at the time of the delivery of the goods purchased.

Counsel immediately filed a motion to quash the indictment on the ground (1) it failed to allege essential circumstances and elements of the crime that would permit him to prepare his defense and would be sufficient to support a plea of acquittal or conviction in the future; (2) it discloses the check was not issued by the accused if issued at all, but by the company; and (3) the check was given for an antecedent debt imposing no criminal liability.

It is obvious the district attorney in drawing the indictment returned by the grand jury in the instant case not only stated every fact and circumstance necessary to constitute the offense charged, but actually tracked the very language of R.S. 14:71 denouncing the crime charged. This would unquestionably be sufficient to support a subsequent plea of acquittal or conviction. Clearly, therefore, there is no apparent defect on the face of the indictment for which the motion to quash would be available.

While under the jurisprudence of this Court and the law generally prevailing, the State, by furnishing the information requested in the bill of particulars, limited its proof to the specifications therein given,[2] we find nothing in the facts as there set forth from which it could be necessarily

2. State v. Varnado, 208 La. 319, 368 (on Rehearing), 23 So.2d 106; State v. Straughan, 229 La. 1036, 87 So.2d 523;

27 Am.Jur. 662, Verbo Indictments and Informations, Section 103.

concluded the check in question was not issued for the purpose and as charged in the indictment, or that it was for an antecedent debt. The cases relied on by the defendant—State v. Gendusa, 190 La. 422, 182 So. 559; State v. McLean, 216 La. 670, 44 So.2d 698; State v. Straughan, 229 La. 1036, 87 So.2d 523—are easily distinguishable from both a legal and factual standpoint and, therefore, inapposite.

For the reasons assigned, the judgment appealed from is annulled and set aside, the motion to quash is overruled, and the case is remanded to the lower court for further proceedings consistent with the views herein expressed and in accordance with law.

SIMON, J., absent.