178 So.2d 255

**STATE of Louisiana**

**v.**

**Jane Grigsby PERKINS.**

No. 47678.

July 2, 1965.

Rehearing Denied Sept. 30, 1965.

Nathan A. Cormie, Lloyd E. Hennigan, Jr., Lake Charles, for defendant-appellant.

Jack P. F. Gremillion, Atty. Gen., William P. Schuler, Asst. Atty. Gen., Frank T. Salter, Jr., Dist. Atty., Bryan Forrest Gill, Asst. Dist. Atty., for appellee.

SANDERS, Justice.

The Calcasieu Parish Grand Jury indicted the defendant, Jane Grigsby Perkins, for negligent homicide in violation of LSA–R.S. 14:32. Upon trial, the jury returned a verdict of guilty. The trial judge sentenced her to serve one year in the State Penitentiary. She has appealed to this Court, relying upon twenty-seven bills of exception reserved at the trial.

The indictment charged:

"* * * THAT JANE GRIGSBY PERKINS at the Parish of Calcasieu on or about 1st day of April in the year of our Lord, One Thousand Nine Hundred and sixty four (1964) did kill one Ruth Walker by the criminal negligent operation of a motor vehicle viz: by driving at an excessive rate of speed, failing to keep a proper look out for motor vehicles being driven on Lake Street, Lake Charles, Louisiana, and by failing to yield the right of way to motor vehicle traffic on said street, did run across same and collide with a motor vehicle in which the said Ruth Walker was a passenger, in violation of R.S. 14:32 contrary to the form of the Statute of the State of Louisiana, in such cases made and provided, in contempt of the authority of said State, and against the peace and dignity of the same."

In response to a Motion for a Bill of Particulars, the State specified that the defendant was operating a motor vehicle in an easterly direction on Sale Street and failed to yield the right of way to vehicular traffic moving in a southerly direction on Lake Street.[1]

Bill of Exception No. 3 was reserved to the overruling of a motion to quash the Indictment. The motion to quash alleged the City of Lake Charles had no ordinance granting the right of way to southbound traffic on Lake Street at its intersection with Sale Street, where the collision occurred. The motion to quash further alleged that, in the absence of such an ordinance, LSA–R.S. 32:121 granted the right of way to the traffic approaching the intersection from the right, that is, to the eastbound traffic on Sale Street.

We find no merit in the motion to quash the Indictment. The motion relates to evidentiary matters only. The Indictment is legally sufficient to charge the crime of negligent homicide.

Since we have concluded that the Indictment is valid, we now consider Bill of Exception No. 19, for it has given us great concern. The defendant reserved

1. The specific inquiry answered was "Where defendant failed to yield the right of way to motor vehicle traffic?" The court overruled the Motion for a Bill of Particulars as to all other items of information sought.

this Bill to the overruling of an objection to the following impeachment question of the State directed to the defendant on cross-examination:

"Q. This is not the first stop sign you have ever run, is it, Mrs. Perkins?"

The defendant objected on the ground that evidence of traffic violations on other occasions was inadmissible. After argument of counsel, the court overruled the objection, stating:

"The objection will be overruled if it has reference to a prior *offense* when she was an adult." (Italics ours.)

The question as to whether the defendant had ever run a stop sign before was clearly improper, and the objection to it should have been sustained. As phrased, the question had no reference to prior convictions. Instead, it inquired of specific traffic misconduct on other occasions.

LSA–R.S. 15:495 provides:

"Evidence of conviction of crime, but not of arrest, indictment or prosecution, is admissible for the purpose of impeaching the credibility of the witness. But before evidence of such former conviction can be adduced from any other source than the witness whose credibility is to be impeached, he must have been questioned on cross-examination as to such conviction, and have failed distinctly to admit the same; and no witness, whether he be defendant or not, can be asked on cross-examination whether or not he has ever been indicted or arrested, and can only be questioned as to conviction, and as provided herein."

The statute is explicit that, in this type of impeachment, only evidence of convictions is admissible to attack the credibility of the defendant. The defendant can only be questioned as to such prior convictions. He cannot be asked about specific misconduct or the details of prior offenses. State v. Danna, 170 La. 755, 129 So. 154; 58 Am.Jur., Witnesses, § 750, pp. 405–406; 1 Underhill's Criminal Evidence, § 245, pp. 608–610 (5th ed. 1956). Although an offense has resulted in the arrest or indictment of the defendant, he cannot be queried about the arrest or indictment. State v. Carite, 244 La. 928, 155 So.2d 21; State v. Maney, 242 La. 223, 135 So.2d 473.

In his Per Curiam, the trial judge construes his ruling as restricting the interrogation and testimony to prior convictions. If, however, we so construe the ruling, the record reflects that the State violated the ruling.

The State's interrogation, made part of the trial judge's Per Curiam, continued as follows:

"Q Mrs. Perkins, do you deny that on July 30, 1963, you ran a stop sign in the City of Lake Charles, received a ticket and received a punishment by way of fine or otherwise for it?

"A No.

"Q You don't deny it.

"A No.

"Q It's the truth, isn't it?

"A Yes, sir.

"Q Do you deny that on that same date, July 30, 1963, you were also ticketed for speeding?

"A It was at the same time.

"Q At the same time. Meaning otherwise that you were speeding through the stop sign.

"A May I explain it.

"Q Yes.

"A May I tell you where it was, the corner?

"Q I'm not interested in where it was.

[Defense Counsel]: She has a right to explain her answer, Your Honor.

"Q Go ahead.

"A I was moving that day and I had come from my apartment and was going back to the other apartment, going down Sallier.

It's Sallier and Ryan where there's that S-curve. I slowed down, a rolling stop going through there, and then I went on up Ryan. It was about four or five blocks later that the police stopped me, and there was heavy traffic.

"Q So you came to a rolling stop, is that right?

"A Through that, yes, sir. There was a lot of traffic.

"Q Do you deny that you went through that stop sign at approximately 25 miles an hour?

"A Yes, sir, I do.

"Q I will show you a copy of this for your own information.

[Defense Counsel]: Your Honor, he said when he commenced that he wanted to go into prior convictions. She had occasion to admit she had run a stop sign on that occasion. Now he commences to go back into a guilty plea for running the stop sign and take the ticket made by the officer and cross-examine the witness with regard to that conviction, and I object to the question, and I again ask for a mistrial on the basis of your allowing him to go into the prior conviction and the statements of officers put on

tickets on the occasion for which he is questioning the witness.

"(Argument of counsel)

"THE COURT: The objection is going to be maintained. She has admitted the conviction, which the Court believes is proper evidence under the law.

[District Attorney]: Your Honor, she testified further she came to a rolling stop on that. I've got a right to cross-examine her on the truthfulness of it. She testified to that, and Mr. Cormie requested she be permitted to explain over my objection.

"THE COURT: We're not going to try any other cases. He can show a prior conviction, if any, when she was an adult. It's proper evidence. We are not going to go into the question of whether or not those convictions were proper. We are not going to retry those convictions. The objection is maintained.

"Q Now, you admit that on July 30, 1963, you got a ticket for disobeying a stop sign.

"A Yes, sir.

"Q And at that same time you got a ticket for speeding, is that correct?

[Defense Counsel]: I believe this is repetitious of the first questioning, the one pertaining to the speeding, and I object to it.

"THE COURT: The objection is valid and is maintained.

"Q Now, do you deny that then again on October 12, 1963, in the City of Lake Charles you got another ticket for disobeying a stop sign?

"A The same stop sign.

"Q You mean to say you ran the same stop sign in July and again in October?

"A I live there right at the stop sign. I was going to work one morning and I was coasting through there. There was no traffic anywhere.

"THE COURT" Mr. Salter, the question of ticket alone is not a proper question.

[District Attorney]: She's going to admit the conviction.

"THE COURT: You may ask her about a conviction, not about a ticket.

"Q Now, were you convicted for this disobeying the stop sign for this ticket you got July 30, 1963?

"A Convicted?

"Q Did you pay a fine?

"A I paid a fine, yes.

"Q Did you pay a fine for this speeding ticket you got July 30, 1963?

"A Yes, sir.

"Q Did you pay a fine for disobeying the stop sign ticket you got October 12, 1963?

"A Yes.

"Q *Were you on or about October 21, 1964, convicted in City Court for reckless driving?*

[Defense Counsel]: *Your Honor, I object to that. The District Attorney well knows it is an improper question. There has been no conviction. The Court granted a new trial in that case, and the District Attorney knows that.*

"THE COURT: *The objection is maintained.*" (Italics ours.)

That the State succeeded in placing the detail of the defendant's previous traffic offenses before the jury is evident. Furthermore, by the final, strongly communicative question, the State called the jury's attention to a specific reckless driving charge, pending against the defendant on a new trial. Although the court sustained an objection to the question, it gave no immediate instructions to the jury to disregard the forbidden information.

As we stated in State v. Carite, supra, LSA–R.S. 15:495 sought to clothe the defendant with a mantle of protection against

any evidence of prior arrests or charges for the reason that such information is prejudicial. It tends to destroy the defendant's credibility in the minds of the jurors. In the present case, we have concluded that the mantle of protection was pulled aside.

In State v. Maney, supra, the State propounded the following general question to the defendant:

"Has he ever had any occasion previously to arrest you for anything?"

After objection and before the defendant answered, the State withdrew the question, and the judge immediately instructed the jury to disregard it. Under those circumstances, we held that the error had been cured. See State v. Carite, supra.

The present case, however, differs from State v. Maney. Here, the question was partially assertive, that is, it called to the jury's attention a specific reckless driving charge pending in another court against the defendant. The State propounded the question after the trial judge had cautioned it to interrogate as to convictions only. Although the trial judge sustained the objection, he gave no immediate instructions to the jury to disregard the information that it had received.

The question was manifestly improper. Moreover, it came after the court had forewarned the State of the impropriety of such questions. The interrogation, in our opinion, was prejudicial and

constituted a substantial violation of the statutory rights of the defendant. See LSA–R.S. 15:557; State v. Carite, supra; State v. Rhys, 40 Mont. 131, 105 P. 494; People v. Jones, 293 Mich. 409, 292 N.W. 350; Annotation, 109 A.L.R. 1089; 6 Wigmore, Evidence § 1808 (3d ed. 1940); 19 Louisiana Law Review 881, 884; 23 Louisiana Law Review 410–411.

The remaining Bills of Exception relate to matters that are unlikely to arise at a new trial. Hence, we need not consider them.

For the reasons assigned, the conviction and sentence are reversed, and the case is remanded to the district court for a new trial.

FOURNET, C. J., concurs and assigns written reasons.

HAMLIN, J., concurs for the reasons assigned by FOURNET, C. J.

HAWTHORNE, J., dissents in part and assigns written reasons.

McCALEB, J., dissents as to Bill No. 19 being in accord with the views expressed by HAWTHORNE, J.

FOURNET, Chief Justice (concurring).

I am in full accord with the views expressed in the majority to the effect that the manner in which the district attorney, while interrogating the accused on the stand—not only touching on her prior convictions for traffic violations but also bringing out the details of the arrests forming the basis thereof, as well as the details forming the basis of the charge in the instant case, although she had not at that time been convicted of this violation—was highly prejudicial to the defendant's cause and constituted a substantial violation of her statutory and constitutional rights. Consequently, the conviction and sentence are properly being reversed.

However, I do not agree that the case should be remanded to the lower court for a new trial, being of the opinion the motion to quash the indictment should have been sustained, for, in response to a motion for a bill of particulars, the district attorney declared the defendant was operating her car in an easterly direction on Sale street and failed to yield the right-of-way to traffic approaching the intersection moving in a southerly direction on Lake street, by which declaration the state is bound;[1] and in the motion to quash it is

---

1. See, State v. Bienvenu, 207 La. 859, 22 So.2d 196; State v. Pettifield, 210 La. 609, 27 So.2d 424; State v. Bessar, 213 La. 299, 34 So.2d 785; State v. Masino, 214 La. 744, 38 So.2d 622; State v. Kershaw, 234 La. 579, 100 So.2d 873; State v. Picou, 236 La. 421, 107 So.2d 691; State v. Scott, 237 La. 71, 110 So.2d 530; and the concurring opinion of the author of this dissent and concurrence in State v. Peterson, 232 La. 931, 95 So.2d 608.

shown the city of Lake Charles has no ordinance granting the right-of-way to southbound traffic on Lake street at its intersection with Sale street, where the collision occurred, and in the absence of such an ordinance or other regulation, the right-of-way under the law universally obtaining in other states as well as this state[2] is given the motorist approaching the intersection from the right. Accordingly, the eastbound traffic on Sale street had the right-of-way over the southbound traffic on Lake street.

From the foregoing it is obvious the accused is not guilty of any act constituting criminal negligence within the intendment of Article 32 of the Criminal Code (now R.S. 14:32). At best her action could only be likened to the ordinary negligence sufficient to support a civil action, and falls far short of the gross negligence and recklessness necessary to sustain a charge of criminal negligence, for, as was very aptly observed in the comments under R.S. 14:32, drafted by those entrusted with the codification of our criminal law, "The term 'criminal negligence' is defined in Chapter 2 of Title I of the Code. Its meaning is similar to the terms 'gross negligence or

recklessness' which have been used often in criminal statutes. The ordinary negligence sufficient to support to (sic) civil action is not enough. * * * The Louisiana court in State v. Dean, 154 La. 671, 98 So. 82, 83 (1923), declared, '* * * "gross negligence" and recklessness should be interpreted to mean something more or a greater degree of negligence and recklessness than a mere omission of duty, or a rashly negligent, careless, and heedless act.' "

HAWTHORNE, Justice (dissenting in part).

I respectfully dissent from the ruling of the majority on Bill of Exception No. 19. The question of the State seeking to elicit an answer from the defendant as to a conviction against her was entirely proper. The objectionable matter which the court emphasizes by underlining was injected by the defense. The court was under no duty to instruct the jury to disregard the matter put before it by defense counsel. Moreover, the objection of defense counsel was maintained and the question was not answered.

---

2. The pertinent portion of R.S. 32:121 is to the effect that "When two vehicles enter an intersection from different highways at approximately the same time, the driver of the vehicle on the left, shall yield the right of way to the vehicle on the right." It is obvious, therefore, that the vehicle travelling south on Lake street was, under this provision, compelled to yield the right-of-way to the vehicle driven by the defendant that was travelling in an easterly direction on Sale street.