277 So.2d 134 (1973)
STATE of Louisiana
v.
Raymond PRIEUR.
No. 52382.
Supreme Court of Louisiana.
March 26, 1973.
Rehearing Denied May 7, 1973.
*135 Norman A. Pettingill, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Harry H. Howard, Asst. Atty. Gen., Jim Garrison, Dist. Atty., Louise Korns, Asst. Dist. Atty., for plaintiff-appellee.
BARHAM, Justice.
Raymond Prieur was charged by bill of information with armed robbery and found guilty of simple robbery. The factual circumstances alleged were that the defendant had driven into an Esso Service Station in the early morning hours and robbed the manager, Leroy Quarles, of $35.00 at gunpoint. Sixteen bills of exceptions were perfected for this appeal, but only 12 have been argued. There was no oral argument in this case, and Bills of Exceptions Nos. 11, 12, 13, and 15 are not mentioned in defendant's brief. As bills neither briefed nor argued, they are deemed abandoned. State v. Edwards, 261 La. 1014, 261 So.2d 649 (1972), and the authorities cited.
The errors alleged in Bills of Exceptions Nos. 5, 6, and 7 require reversal of defendant's conviction and sentence. During the cross-examination of the defendant by the State these bills were reserved to questions posed which the trial judge permitted. Bill of Exceptions No. 5 was reserved to two questions: "You got them [30 $1.00 bills found on defendant at the time of his arrest] *136 from other robberies?" and "Who did you tell the police you stole that car from?" Bill of Exceptions No. 6 was reserved to the question: "Are you familiar with the two bus holdups on Tchoupitoulas and Louisiana?" The question to which Bill of Exceptions No. 7 was reserved was: "They charged you with seven robberies?" The basis of the defendant's objections to these questions was that the State was attempting to connect defendant with crimes other than the one for which he was being tried, or one for which he had not been tried and convicted.
In Louisiana, as in all jurisdictions, when a defendant takes the stand, he waives his privilege under the Fifth Amendment and subjects himself to cross-examination on the entire case. R.S. 15:462; State v. Cripps, 259 La. 403, 250 So.2d 382 (1971). This includes the right of the State to impeach his testimony or attack his credibility. R.S. 15:486. A limitation is placed on the State, however, insofar as it may use evidence of other crimes. Only evidence of conviction of a crime is admissible, not arrests, indictments, or prosecutions. R.S. 15:495.
It is argued by the State that the questions objected to were posed in order to lay a foundation to impeach the testimony of the defendant given on direct examination. When credibility of a witness is to be impeached by the offering of proof of a prior contradictory statement, the prior statement must contradict the testimony given by the witness. R.S. 15:493. The questions objected to here have no connection with the defendant's testimony on direct examination. Further, it cannot be said that they were in the nature of a foundation for proof that earlier the defendant had made some inculpatory statement about his involvement in the armed robbery for which he was being tried. And finally, none of these questions concern any crimes for which the defendant had been convicted. The law is quite express that "no witness, whether he be defendant or not, can be asked on cross-examination whether or not he has ever been indicted or arrested * * *". R.S. 15:495. In State v. Perkins, 248 La. 293, 178 So.2d 255 (1965), we reversed the conviction, recognizing that the purpose of R.S. 15:495 was "to clothe the defendant with a mantle of protection against any evidence of prior arrests or charges for the reason that such information is prejudicial".
The only purpose for which these questions could be posed would be to show the bad character of the defendant by linking him with other alleged crimes. In State v. Prieur, La., 277 So.2d 126 (1973), decided February 19, 1973, a case which involved this same defendant, we recognized the potential danger that can result when evidence of other acts of misconduct is introduced during a trial. In that case, unlike the evidentiary offer in the instant case, the State offered the evidence under the exceptions provided in R.S. 15:445-15:446, which allow such evidence to show guilty knowledge, system, or intent. In setting down new safeguards in that case for the introduction of evidence of other offenses under R.S. 15:445-15:446, we acknowledged that such protection had already been provided by statute in those instances where evidence was offered, as here, for the purpose of impeachment. To ignore those statutory safeguards now would be a retreat from the goal we seekthe full protection of the defendant's constitutional guarantees, both state and federal.
For these reasons the conviction and sentence of the defendant are set aside, and the case is remanded to the district court.
HAMLIN, C. J., dissents.