MARCUS, Justice
(dissenting).
I disagree with the majority’s conclusion that the bill of information charging defendant with the crime of simple escape is “fatally defective.” I am unable to understand why R.S. 14:110 does not cover the situation here presented where defendant, a seventeen year old (adult), allegedly departed from Louisiana Training Institute without authority, after having been committed by the Family Court to the Department of Corrections at a time when he was under the age of seventeen. It seems clear to me that the escape statute, R.S. 14:110, *329 covers the situation in this case as it provides punishment for the intentional departure of a person “* * * from any place where he is lawfully detained by any law enforcement officer; * * Furthermore, I am unable to follow the interpretation of the majority that the use of the short form of indictment for simple escape provided in Article 465 C.Cr.P., wherein it refers to the recital of the place of official detention : “ * * *_(state place of official detention),” does not include the Louisiana Training Institute to which defendant was committed by the Family Court.
Since I do not find the bill of information fatally defective, I respectfully dissent and hereinafter set forth my views on the issues presented on this appeal.
The defendant moved to quash the bill of information filed charging him with simple escape from the Louisiana Training Institute. The sole ground for the motion to quash was that the district court lacked jurisdiction. The district court quashed the information and the State appealed.
While a juvenile (under the age of seventeen), defendant was committed by the Family Court in Baton Rouge to the Department of Corrections, specifically Louisiana Training Institute (L.T.I.). After attaining the age of seventeen, defendant left L.T.I. without authority. He was arrested and charged in the district court with simple escape.
Defendant contends on this appeal, as he did on trial of the motion to quash, that, since he was confined to L.T.I. under a juvenile commitment by the Family Court, the juvenile court retains jurisdiction over him until he attains the age of twenty-one. It is urged that the State could not bring a criminal charge against him in the district court, other than for a capital offense or attempted aggravated rape, as that court lacked jurisdiction. He cites as authority Article VII, Section 52 of the Louisiana Constitution and R.S. 13:1570.
In my opinion, this argument is untenable.
Article VII, Section 52 of the Louisiana Constitution relating to the jurisdiction of juvenile courts provides:
“Jurisdiction. The said Courts shall have jurisdiction, except for capital crimes and crimes defined by any law defining attempted aggravated rape if committed by children fifteen years of age or older, of cases of the State of Louisiana in the interest of children under seventeen years of age, as may be provided by the Legislature, brought before said Courts as delinquent or neglected children and of the trial of all persons charged with the violation of any law now in existence or hereafter enacted for the protection of the physical, moral or mental well-being of children under seventeen years of age, not punishable by death or hard labor. Said Court shall also have jurisdiction of all cases of desertion or nonsupport of children by either parent, or nonsupport of a wife by her husband, and also of the adoption of children under seventeen years of age.”
Article VII, Section 53 of the Louisiana Constitution relating to the jurisdiction of the Family Court for the Parish of East Baton Rouge provides:
“A. There is hereby established The Family Court for the Parish of East Baton Rouge, which shall be a court of record with exclusive original jurisdiction in the following proceedings:
“(1) All proceedings in the interest of children under seventeen years of age as delinquent, neglected or otherwise in need of the protection of the state except capital crimes and attempted aggravated rape if committed by children fifteen years of age or older.
ifc ‡ * ‡
“The Family Court for the Parish of East Baton Rouge has all such additional *330 jurisdiction, power and authority which the Legislature has conferred, or may hereafter confer, upon the Juvenile Courts and particularly, but not restricted to, the jurisdiction, power and authority under the Juvenile Court Act (R.S. 13:1569-1592). The Legislature is empowered to confer additional jurisdiction, powers and authority upon said Family Court by legislative enactment.”
R.S. 13:1569(3) and (4) defining “child” and “adult” provide:
“3. ‘Child’ means a person less than seventeen years of age. The term ‘child’ also means a person over seventeen but who committed an act of delinquency before attaining the age of seventeen years.
“4. ‘Adult’ means an individual seventeen years of age or older.”
R.S. 13:1570A(5) concerning jurisdiction of juvenile courts provides:
“Except as otherwise provided herein, the court shall have exclusive original jurisdiction in proceedings:
“A. Concerning any child whose domicile is within the parish or who is found within the parish:
* * * * * *
“(5) Who violates any law or ordinance, except a child charged with having committed a capital crime or a crime defined by any law defining attempted aggravated rape after having become fifteen years of age. However, the court shall have exclusive original jurisdiction concerning any child who violates any law or ordinance except a child fifteen years of age or older charged with a capital crime or assault with intent to commit aggravated rape.”
R.S. 13:1572 relative to the retention of jurisdiction by the juvenile court provides:
“When jurisdiction shall have been obtained by the court in the case of any child as provided in R.S. 13:1570, or in the case of any person under twenty-one years of age as provided in R.S. 13:1571, such child or such person under twenty-one years of age shall continue under the jurisdiction of the court until he becomes twenty-one years of age unless discharged prior thereto by the court.
Hfi ;ji ‡ ;ji ‡ ‡
“Until such time as the child attains his majority or shall have been ordered discharged by the court, the court shall not be divested of jurisdiction, but shall retain same notwithstanding said child might have been placed by proper authority outside of the designated territorial jurisdiction of said court.”
As I read the above quoted provisions, the offender under the age of seventeen is not subject to criminal prosecution, except as to capital offenses and attempted aggravated rape if the offender is fifteen years of age or older. Such transgression is treated as an '‘act of delinquency” which subjects the offender to the jurisdiction of the juvenile courts. This jurisdiction is expressly recognized in R.S. 14:13.[1]
However, according to R.S. 13:1569(4), an offender seventeen years of age or older is considered an adult rather than a child, and I find nothing contained in Article VII, Sections 52 and 53 of the Louisiana Constitution or R.S. 13:1570 that prohibits the State from prosecuting such an offender as an adult. Nor do I find anything contained in those provisions that deprive the district court of original juridiction over the prosecution of an offender seventeen years of age or older for the commission of a criminal offense.
Relative to the retention of jurisdiction by the juvenile court over delinquents who were committed by that court to the Department of Corrections while under the *331 age of seventeen, but who become seventeen years of age or older during the course of such commitment, said retention of jurisdiction pertains only to matters related to the proceeding by which such original commitment was obtained. As I read R.S. 13:1572, that provision intended to prevent the divesting of jurisdiction of the juvenile court over a child in a particular proceeding merely because that child attains the age of seventeen during the course of his commitment.
The commission of an offense subsequent to such commitment is not related to the original proceeding by which the commitment was obtained. This being true, it follows that the juvenile court’s retention of jurisdiction relating only to matters arising out of the original proceeding does not attach to prosecution for subsequent offenses. If the juvenile under the jurisdiction of the juvenile court is below the age of seventeen at the time he commits a subsequent offense, a new original jurisdiction vests in the juvenile court related to that offense. On the other hand, if the juvenile under the jurisdiction of the juvenile court is seventeen years of age or older at the time he commits a subsequent offense, the juvenile court does not retain jurisdiction insofar as such offense is concerned; jurisdiction in such a case would then properly vest in the district court.
For this reason, since defendant was seventeen years of age at the time he left L.T.I. without authority, an event not related to the original proceedings had in the juvenile court by which defendant’s commitment was obtained, I consider the juvenile court did not retain jurisdiction insofar as that offense is concerned but, rather, the district court was vested with original jurisdiction to entertain a prosecution therefor. In my view, the district court erred in granting defendant’s motion to quash.
The State also urges that this Court pass upon the applicability of R.S. 15:901 which prohibits the introduction into evidence of facts concerning the commitment of a juvenile by the juvenile court in any subsequent proceeding affecting such juvenile in any court within the State.
R.S. 15:901 provides in part:
“C. The order of commitment shall not state that the child is delinquent or dependent, but shall merely state that the person named has been adjudged to be a proper person for commitment and the court shall as soon as practicable transmit to the Department of Corrections a report on the child setting forth in detail all pertinent facts concerning his social background, mode of living, family status, school record and behavior tendencies, and all other pertinent information which it may have and the reasons for his commitment. The fact that a person has been committed by the court to the Department of Corrections shall never be received in evidence by any court of this state thereafter in any proceeding affecting the person.”
The above provision concerns an eviden-tiary matter only. Matters relating to the admissibility of evidence at trial are not properly raised by way of a motion to quash. Articles 532, 534 C.Cr.P.; State v. Snyder, 277 So.2d 660 (La.1973); State v. Edgecombe, 275 So.2d 740 (La.1973); State v. Perkins, 248 La. 293, 178 So.2d 255 (1965); State v. Masino, 214 La. 744, 38 So.2d 622 (1949).
Since the bill of information, in my opinion, is legally sufficient in that it charges an offense which is punishable under a valid statute, the question of proof or disproof of defendant’s commitment and the applicability of this statute to such proof addresses itself to the trial on the merits and is not intended to be the subject of a motion to quash. Hence, I believe the State’s inquiry as to the applicability of R. S. 15:901 to the present case is not properly before this Court.
For the foregoing reasons, I consider the ruling of the trial court granting defend *332 ant’s motion to quash erroneous. In my opinion, the ruling should be reversed and the case remanded for trial. I respectfully dissent.

. R.S. 14:13 provides: “Those who have not reached the age of ten years are exempt from criminal responsibility. However, nothing in this article shall affect the jurisdiction of juvenile courts as established by the constitution and statutes of this state.”