262 So.2d 501

**STATE of Louisiana**

**v.**

**Lionel KELLY.**

**No. 51710.**

May 18, 1972.

Rehearing Denied June 13, 1972.

Maurice J. Wilson, Jr., Breazeale, Sachse & Wilson, Victor A. Sachse, III, Baton Rouge, for defendant-appellant.

Jack P. F. Gremillion, Atty. Gen., Harry H. Howard, Asst. Atty. Gen., Sargent Pitcher, Jr., Dist. Atty., J. David McNeill, III, Asst. Dist. Atty., for plaintiff-appellee.

PER CURIAM.

This is an appeal from a judgment convicting the appellant of the crime of armed robbery, and fixing his punishment at ten (10) years at hard labor in the State Penitentiary. La.R.S. 14:64. Appellant reserved and perfected five bills of exceptions.

Bills of exceptions numbers one, two, three and four, not argued in brief by counsel, do not contain any reversible errors.

By the fifth bill of exceptions, defense counsel contends that the ruling of the trial court, in permitting an interrogation which elicited testimony from the defendant that he had previously stabbed somebody, and in denying the motion for a mistrial based on the reference to this statement in rebuttal argument by the State was reversible error. We find otherwise.

While the question posed by the State to the defendant, "Did you ever stick anybody with a knife?", may be improper, technically, as to form under the decision in State v. Perkins, 248 La. 293, 178 So.2d 255 (1965), because it does not refer to any conviction, neither was a bill of exceptions taken to the form of the question at the time it was made, hence the objection is considered waived. La.C.Cr.P. art. 841. It is true that an objection was made to a later question which referred to this line of questioning after another subject had been explored, but we do not consider it as timely as far as this evidence is concerned. See State v. Blankenship, 231 La. 993, 93 So.2d 533 (1957), and State v. Christiana, 249 La. 247, 185 So.2d 580 (1966).

The second premise of this bill consequently fails by this finding that the statement was properly admitted into evidence. La.C.Cr.P. art. 774, State v. Lacoste, 256 La. 697, 237 So.2d 871 (1970).

Inasmuch as we find no infirmity in the trial court's rulings, the conviction and sentence are affirmed.

BARHAM, J., dissents.

TATE, J., dissents and assigns written reasons.

TATE, Justice (dissenting).

The writer respectfully dissents.

In my view, prejudicial error in direct violation of statute contributed to this conviction by a 9–3 vote of the jury. The defendant was questioned as to prior arrests and charges which did not result in a conviction, all unrelated to the present offense, in violation of our procedural statutes, as will be related. Additionally, the prosecutor's trial argument improperly relied upon details of a prior charge for which no conviction was obtained. The purpose of a criminal prosecution is to convict or not on the basis of the guilt or innocence of the accused of the offense charged, not simply because he has been in trouble before.

In the present case, the accused is charged with the armed robbery with a pistol of one Rhymes on January 24, 1970. In an effort to clear himself, he took the stand and testified that he walked in the service station as Rhymes was being robbed by a close friend of the accused. (The latter had a couple of children by this friend's sister.) When the friend started shooting as he walked in, the defendant testified, he then ran away. In the police interrogation that followed, he consistently denied participation in the robbery.

At the conclusion of the direct examination when he took the stand, his counsel asked him if he had ever been convicted of a crime before. He replied that he had been convicted of simple battery [1] and sentenced to ninety days in the parish jail, in addition to the six months previously served. He stated this was for a fist fight. So far as the present record shows, this was the only crime of which the defendant was ever convicted.

On cross-examination, the prosecutor established that this prior conviction had occurred two years earlier.

The prosecutor then asked the following questions dealing with charges for which the accused had *never* been convicted:

"Q. How about an aggravated assault. Have you ever been convicted of that?

"MR. SACHSE [Defense Counsel]: Your Honor, I object.

"MR. SMITH [Prosecutor]: He's been convicted, Your Honor, and I'm going to tell him what for.

"THE COURT: Overruled.

"Q. Did you ever stick anybody with a knife?

---

1. Simple battery is the intentional use of force on another person committed "*without* a dangerous weapon." La.R.S. 14:35.

It is distinguished from aggravated battery, which is committed "*with* a dangerous weapon." La.R.S. 14:34.

"A. Yes, sir.

"Q. Sure did, didn't you. You got convicted of that—fact of the business, ·you pled guilty, didn't you?

"A. I pled guilty to fist fighting.

"Q. How about 9/22 of '69, were you ever convicted of burglary around—of vagrancy around that time?

"A. I think I was picked up once for vagrancy.

"Q. How about 11—November 26 of '69, were you ever convicted for resisting arrest, burglary and theft?

"A. Well, I remember once in '69, they picked me up and they had said—they had picked me up for a burglary charge, but I hadn't did it and so set me a court date for it—and the person who had did—the person who really had did it, the burglary, told the people that he did it.

"Q. Now, let's go back to—

"MR. SACHSE: Your Honor, I object to this line of questioning. I think that the only conviction that this man has that I've been able to find out about, the only one that the District Attorney's office would inform me about, was this conviction for simple battery, which he's already testified about. * * *"

The trial court then overruled the objection on the ground that the defendant was

under cross-examination. The defendant reserved a bill.

With due respect, my brethren are in error in holding no error was committed by permitting cross-examination as to prior *charges* of aggravated assault with a knife (e. g., the prosecution may not have sought conviction of this serious crime because of a valid self-defense or innocence defense), of vagrancy and of suspected burglary, none of which resulted in a conviction.

While Louisiana law once permitted such cross-examination for purposes of impeaching credibility (the sole alleged purpose here), our legislature amended La.R.S. 15:495 in 1952, so as to end this practice and to encourage defendants to take the stand without subjecting themselves to such grossly prejudicial examination on matters entirely irrelevant to the accused's guilt or innocence of the offense for which on trial. See Comment, 19 La.L.Rev. 684 (1959). The rule thus adopted by our legislature in 1952 is in accord with that prevailing in the great majority of American jurisdictions.

As amended in 1952, and as now in force, La.R.S. 15:495 provides:

"*Evidence of conviction of crime, but not of arrest, indictment or prosecution, is admissible for the purpose of impeaching the credibility of the witness,* but before evidence of such former conviction can be adduced from any other source

than the witness whose credibility is to be impeached, he must have been questioned on cross-examination as to such conviction, and have failed distinctly to admit the same; *and no witness, whether he be defendant or not, can be asked on cross-examination whether or· not he has ever been indicted or arrested, and can only be questioned as to conviction, and as provided herein*." (Italics mine.)

As this court stated in State v. Perkins, 248 La. 293, 178 So.2d ·255 (1965), in reversing a conviction and reiterating what was emphasized in State v. Carite, 244 La. 928, 155 So.2d 21 (1963), "The defendant can only be questioned· to such prior convictions. He cannot be asked about specific misconduct or the details· of prior offenses."

I am unable to see how the defendant waived his right to complain of this prejudicial irrelevant and inadmissible testimony. He objected (see above) to the first question in this line of testimony and was overruled, and then objected again and was again overruled.

This error was compounded when, in closing argument, the prosecutor commented that "it was established on this witness stand he already stabbed somebody." Defense counsel immediately objected and requested a mistrial. He reserved a bill when his objection was overruled.

It is to be remembered that the *charge* of aggravated battery (stabbing with a knife) ostensibly (and erroneously) was the subject of cross-examination *only* on the question of credibility. The prosecutor's argument improperly used it in support of a thesis that the defendant was a dangerous man.

This argument of the prosecutor was in direct violation of La.C.Cr.P. Art. 770, which provides:

"Upon motion of a defendant, a mistrial *shall be* ordered when a remark or comment, made within the hearing of the jury by the judge, *district attorney*, or a court official, during the trial or in argument, refers directly or indirectly to:

"(1)  *  *  *

"(2) Another crime committed or alleged to have been committed by the defendant as to which evidence is not admissible.  *  *  *"

A mistrial should have been granted, as required by this code article. Thus, in State v. Carite, 244 La. 928, 155 So.2d 21 (1963), we reversed when the prosecutor commended as to other arrests (in similar violation of La.R.S. 15:495), even though in that case (unlike this) the trial judge immediately cautioned the jury to disregard the statement. In reversing, we commented that the prosecution conduct was manifestly improper and wholly unjustifia-

ble, being prohibited by statute, and that great prejudice was so caused the accused in violation of the legislative intent.

I must therefore respectfully dissent. Our duty as a reviewing court is not to rubberstamp convictions where the accused has not received the fair trial demanded by our statutes and our constitutions, and where a conviction may have been obtained because of prosecution conduct in direct violation of our procedural statutes designed to prevent such prejudicial and irrelevant cross-examination and argument.