329 So.2d 693 (1976)
STATE of Louisiana
v.
Eddie Charles GRIFFIN.
No. 57098.
Supreme Court of Louisiana.
March 29, 1976.
*694 Timothy R. Higgins, Office of the Public Defender, Amite, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Leonard E. Yokum, Dist. Atty., Joseph H. Simpson, Asst. Dist. Atty., for plaintiff-appellee.
SUMMERS, Justice.
In February of 1975 Harmon Chapman was shot in the eye, allegedly during the course of an armed robbery which occurred when Chapman's car was stopped on a highway near Arcola, Louisiana. A fingerprint was lifted from the window of Chapman's car and matched with a known print of Eddie Charles Griffin. Griffin was arrested and identified by Chapman in a lineup at the jail. He was then charged with armed robbery in violation of Article 64 of the Criminal Code. At the trial Chapman made an in-court identification of Griffin as the man who forced his way into Chapman's automobile and robbed and shot him.
The theory of the defense was that the robbery was not committed by Griffin and that the fingerprint was on the window because on that day Griffin talked with Chapman when Chapman solicited him to engage in homosexual activity. Despite the testimony of numerous alibi and corroborating witnesses, Griffin was convicted and committed to the Department of Corrections for 99 years.
*695 On this appeal the defendant relies upon two assignments of error. The first assignment arises because the appellant objected to the testimony of the District Attorney's secretary, Zelda Adams, who was called to establish a chain of possession of the photographs of the lineup. She had not been sequestered and was present when some of the other witnesses testified. Appellant contends that undue prejudice resulted when the non-sequestered witness was called by the State.
Article 764 of the Code of Criminal Procedure provides for the sequestration of witnesses, and it grants the judge the discretion to modify the sequestration order in the interest of justice. In State v. Fallon, 290 So.2d 273 (La.1974), this Court stated the purpose of sequestering witnesses to be "to prevent their being influenced by testimony of prior witnesses and to strengthen the role of cross-examination in developing the facts." Wide latitude is accorded the trial judge in such matters, and as Article 764 sets forth, "The court may modify its order [of sequestration] in the interest of justice." State v. Rouse, 256 La. 275, 236 So.2d 211 (1970).
Zelda Adam's testimony was used merely to prove a continuous chain of possession to establish custody of the evidence, and the admission of her testimony does not violate the purpose of sequestration. Her testimony simply concerned when she obtained possession of the photographs, was uncontroverted and could not have prejudiced the jury against the defendant. No such prejudice is shown.
The second assignment of error arises as a result of defense objection to questioning of Alvin Daniels.
Alvin Daniels was called as a witness by the defense. He testified on direct examination that the victim of the robbery was known to him to be a homosexual. This testimony was elicited in support of the defense theory that Griffin's fingerprints were on the victim's car because Griffin had been called to the car by the victim at a time when the victim solicited him to engage in homosexual activity. The principal defense was alibi, and Daniel's testimony did not bear directly upon that fact; it only tended to explain the presence of defendant's fingerprints on Chapman's car.
On cross-examination the State elicited from Daniels the fact that he slept upstairs in the Tangipahoa Parish Jail the previous night, to which defense counsel objected after the question had been answered. The theory of this objection as set forth in the defense brief is that Section 495 of Title 15 of the Revised Statutes was violated. By the terms of that enactment "No witness, whether he be defendant or not, can be asked on cross-examination whether or not he has ever been indicted or arrested, and can only be questioned as to conviction."
An inference may reasonably be drawn from the fact that Daniels slept in jail the previous night that he was then under detention as a result of an arrest, just as an inference could be drawn by the jury that he was there because of a conviction. As a result of an inference that he was there for an arrest, the further inference may be drawn that the credibility of Daniel's testimony concerning the victim's homosexual propensities was impaired. Thus it may logically be reasoned that a technical violation of Section 495 occurred. But this does not require a conclusion that this conviction by a unanimous verdict should be set aside.
After examination of the entire record, as Article 921 of the Code of Criminal Procedure requires, we are unable to conclude that "the error complained of has probably resulted in a miscarriage of justice, is prejudicial to the substantial rights of the accused, or constitutes a substantial violation of a constitutional or statutory right." La.Code Crim.P. art. 921.
This technical violation of a statutory right is not substantial when the entire record *696 of these proceedings is considered. The credibility of Daniels on the facts to which he testified could not reasonably have a substantial adverse effect upon the defense. Three other defense witnesses testified to the same facts, making Daniel's testimony cumulative.
In addition to the belated defense objection after the question had been answered, the basis for the objection was not stated at the time it was made, although defense counsel did ask to argue the question. Just as a highly technical application of Article 841 would deny the defense the right to assert this assignment of error, State v. Kelly, 262 La. 143, 262 So.2d 501 (1972), a highly technical application of Section 495 would result in a reversal of this conviction. The spirit of our Code does not support either approach. La.Code Crim.P. art. 2. Therefore, in neither instance is technicality to prevail; we have considered the defense contention, and the conviction is not reversed.
For the reasons assigned, the conviction and sentence are affirmed.
CALOGERO, J., concurs.
DIXON, J., dissents.