432 So.2d 1057 (1983)
STATE of Louisiana, Plaintiff-Appellee,
v.
Charles WALKER, Defendant-Appellant.
No. CR82-489.
Court of Appeal of Louisiana, Third Circuit.
May 25, 1983.
*1058 Robert Levy, Asst. Dist. Atty., Alexandria, for plaintiff-appellee.
Thomas M. Yeager and Chris J. Roy, Alexandria, for defendant-appellant.
Before GUIDRY, STOKER and LABORDE, JJ.
LABORDE, Judge.
Defendant, Charles "Sonny" Walker, Jr., was charged on January 15, 1982, with the second degree battery of Daisy Walker, a violation of LSA-R.S. 14:34.1. Trial was held before the Honorable Robert Jackson on May 17, 1982. On May 18, 1982, the jury returned a verdict of guilty as charged, and on June 21, 1982, defendant was sentenced to five years at hard labor. Defendant seeks review of his conviction and alleges six (6) assignments of error.

FACTS
On September 21, 1981, the defendant arrived at his former wife's trailer, located in Rapides Parish. He discovered his former wife, the victim, in the trailer with Mr. Jerry Winstead. Defendant forced Mr. Winstead out of the trailer at knife point, inflicting minor wounds. The defendant returned to the trailer where he proceeded to beat the victim with his fists until she fell to the floor, at which time he stomped on her abdomen causing her severe and serious bodily injury. The victim was hospitalized for approximately twenty-one (21) days after which time a lengthy period of recuperation was necessary.
ASSIGNMENT OF ERROR NO. 2[1]
In this assignment of error, the defendant alleges that the trial court erred in adjudging him to be a multiple offender *1059 under the provisions of LSA-R.S. 15:529.1(D).
This statute provides:
"D. If, at any time, either after conviction or sentence, it shall appear that a person convicted of a felony has previously been convicted of a felony under the laws of this state, or has been convicted under the laws of any other state or of the United States; or any foreign government or country of a crime, which, if committed in this state would be a felony, the district attorney of the parish in which subsequent conviction was had may file an information accusing the person of a previous conviction. Whereupon the court in which the subsequent conviction was had shall cause the person, whether confined in prison or otherwise, to be brought before it and shall inform him of the allegation contained in the information and of his right to be tried as to the truth thereof according to law and shall require the offender to say whether the allegations are true. If he denies the allegation of the information or refuses to answer or remains silent, his plea or the fact of his silence shall be entered on the record and the judge shall fix a day to inquire whether the offender has been convicted of a prior felony or felonies, as set forth in the information. If the judge finds that he has been convicted of a prior felony or felonies, or if he acknowledges or confesses in open court, after being duly cautioned as to his rights, that he has been so convicted, the court shall sentence him to the punishment prescribed in this Section, and shall vacate the previous sentence if already imposed, deducting from the new sentence the time actually served under the sentence so vacated." (Emphasis added.)
The defendant presents two arguments. Defendant contends that the automatic pardon of his first felony conviction under LSA-Const. Art. 4, § 5(E)(1) should pardon him for all purposes; and thus, this pardoned conviction should not be used as a predicate for the multiple offender bill. Defendant also claims that he was not duly cautioned as to his rights under the statute.
Initially, it must be noted that defendant raises these issues for the first time on appeal. However, the review of a case for an illegal sentence is considered a patent error and thus reviewable under LSA-C.Cr.P. art. 920(2). State v. Siegel, 354 So.2d 525 (La.1978); State v. Wendell Martin, infra.
Defendant's claim that it was error to use his pardoned felony conviction as the basis for the multiple offender bill is without merit. The Louisiana Supreme Court held in State v. Adams, 355 So.2d 917 (La. 1978), that Art. 4 § 5(E)(1) of the Louisiana Constitution does not restore the status of innocence to a convicted person. Therefore, the court concluded that the automatic pardon provision does not preclude consideration of a first felony conviction in adjudicating a person as a habitual offender.
Defendant's next contention is that the record does not affirmatively reflect that he was cautioned as to his rights under R.S. 15:529.1(D); and therefore, he was not validly adjudged to be a multiple offender. Under R.S. 15:529.1(D), the rights of which a defendant shall be cautioned are his rights to a formal hearing and his right to require the state to prove the issue of his identity as the same person who was previously convicted of the prior felony in the multiple offender bill. It is evident from the statute that these are the "rights" of which the defendant should be cautioned. State v. Wendell Martin, 427 So.2d 1182 (La.1983).
The record in this case does not reflect that the trial judge advised the defendant of these rights before the defendant admitted that he was the same person who was convicted of the charge of second degree battery. The following is the pertinent portion of the transcript from the multiple offender and sentencing hearing:
"BY THE COURT: Just a minute, Mr. Levy. Mr. Walker you have been accused by the State as a multiple offender, in that they accuse you of having been convicted of the felony that *1060 they just mentioned. And that you were later on convicted of another felony. Have you gone over this bill of information with your lawyer, Mr. Willson?
BY MR. WALKER: No, sir.
BY THE COURT: I think you better do so. Basically, the charge is that you were convicted of the offense on the 16th day of August, 1978, the offense of ... you were in court with your attorney Mr. Larry Feldman according to this accusation, and entered a plea of guilty to the charge of second degree battery. Now, the charge against you further is that you were convicted of the offense of second degree battery on May the 17th, 1982. Do you admit or deny that you are the same person who was convicted on the 16th day of August 1978 ... or, I'm sorry on April the 4th, 1979, of the offense of second degree battery upon Daisy Walker?
BY MR. WALKER: Yes, sir, I'm the same fellow, but I didn't do it this time.
BY THE COURT: Yes, sir. Well, do you admit or deny that you are the same Sonny Walker who was convicted of the offense of second degree battery on May the 17th ... on May the 18th, 1982?
BY MR. WALKER: I'm Sonny Walker, yes, sir.
BY THE COURT: You're the same fellow?
(no response recorded)"
Inasmuch as the record does not reflect that the trial court advised the defendant of his right to be tried as to the truth of the allegations contained in the multiple offender bill, defendant's sentence should be set aside and the matter remanded for rehearing with specific instruction to the trial court to comply with the provisions of R.S. 15:529.1(D). State v. Youchunas, 187 La. 281, 174 So. 356 (La.1937).
Additionally, defendant urges this Court to hold that the rights of an accused as enumerated in Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), should also be included along with those rights under R.S. 15:529.1(D) and of which the trial judge must caution a defendant.
The defendant's argument is without merit. A multiple offender hearing is a status rather than a criminal proceeding, and is in the nature of an enhancement of penalty rather than a prosecution for a crime. State v. Stott, 395 So.2d 714 (La. 1981); State v. Walker, 416 So.2d 534 (La. 1982). The Louisiana Supreme Court has declined to require a Boykin examination in habitual offender proceedings on the basis that where a defendant is represented by counsel, it is sufficient that the record reflect the "caution" required by the Legislature. State v. Wendell Martin, supra at fn. 7.
ASSIGNMENT OF ERROR NO. 3
In this assignment of error, the defendant contends that the trial court erred in refusing to grant his motion for a mistrial. The motion was based upon a newspaper article which appeared in the local paper on the second morning of defendant's trial, and which recited numerous criminal acts allegedly committed by the defendant that were not admissible at trial. The defense argues that if any of the jurors had read the article, then defendant's case would be prejudiced.
In response to this motion, the court questioned the jurors as to whether any of them had read the article or had heard anything about the contents of the article. Upon receiving a negative reply, the trial court denied the motion. The defendant produced no evidence to show that this news item had any effect on any juror or in any way prejudiced the defendant. Hence, no ground for mistrial existed. State v. Monk, 315 So.2d 727, 739 (La.1975). This assignment of error is without merit.
ASSIGNMENT OF ERROR NO. 4
Defendant maintains that the jury erred in finding that there was sufficient evidence to prove beyond a reasonable doubt that defendant was guilty of second degree battery.
*1061 The crime of second degree battery, LSA-R.S. 14:34.1, is stated below:
§ 34.1 Second degree battery
Second degree battery is a battery committed without the consent of the victim when the offender intentionally inflicts serious bodily injury.
For purposes of this article, serious bodily injury means bodily injury which involves unconsciousness, extreme physical pain or protracted and obvious disfigurement, or protracted loss or impairment of the function of a bodily member, organ, or mental faculty, or a substantial risk of death.
Whoever commits the crime of second degree battery shall be fined not more than two thousand dollars or imprisoned, with or without hard labor, for not more than five years, or both.
A battery is the intentional use of force or violence upon the person of another. LSA-R.S. 14:33.
The present standard of review of a conviction is that a conviction is justified if the proof is sufficient to convince the trier of fact of the existence of every essential element of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Landry, 381 So.2d 462 (La.1980). Thus, reversal of a conviction is mandated where the proof of guilt is such that no rational trier of fact could find guilt beyond a reasonable doubt.
Defense counsel specifically argues that there was insufficient proof that the defendant was, in fact, the individual who committed this offense. Thus, under the Jackson rationale, the state is required to negate any reasonable probability of misidentification in order to carry its burden of proof.
The victim, the defendant's former wife, testified that the defendant arrived at her house trailer, uninvited, and entered the trailer without permission. Upon discovering the victim with another man, the defendant, according to Mr. Winstead's testimony, proceeded to chase him from the trailer at knife point. Edmund Smiley, a fourteen-year old witness, testified that defendant beat the victim severely and stomped upon her several times.
Mrs. Shipp, the victim's mother, testified that defendant called her and said, "I'm looking for that S.O.B. and when I find her I'm going to kill her." All of the above witnesses knew defendant prior to the occurrence; thus, it seems unlikely that there would be a misidentification.
The law states that, when there is conflicting testimony as to factual material, the question of credibility of witnesses is within the sound discretion of the trier of fact. State v. Klar, 400 So.2d 610 (La.1981). In the instant case, only the defendant's testimony negated the fact that he was the perpetrator. The jury obviously chose not to believe the defendant's version of the incident. A jury's choice not to believe defendant should not be upset by an appellate court on the basis that the conflicting version constituted insufficient evidence. State v. Tompkins, 403 So.2d 644 (La.1981).
It is the opinion of this Court that construing this evidence in the light most favorable to the prosecution, a reasonable jury could and did conclude beyond a reasonable doubt that the defendant was guilty of second degree battery.
This assignment lacks merit.
ASSIGNMENT OF ERROR NO. 5
In this assignment of error, the defendant contends that the trial court erred in allowing a lay witness to testify concerning medical evidence. The victim's mother, Mrs. Shipp, testified as to the extent of the victim's injuries and as to the treatment of her daughter by the hospital personnel. Additionally, she testified as to her conclusions concerning the nature of the victim's injuries. Although this testimony is a combination of hearsay and opinion testimony, the majority of the objectionable testimony had already been received before an objection was made by the defense counsel. Therefore, the objection came too late as far as the previous objectionable testimony. State v. Hillman, 298 *1062 So.2d 746 (La.1974); State v. Kelly, 262 La. 143, 262 So.2d 501 (La.1972); State v. Foote, 379 So.2d 1058 (La.1980); but see State v. Griffin, 329 So.2d 693 (La.1976). However, the objection was timely concerning Mrs. Shipp's testimony that her daughter had to receive eighteen pints of blood. The court sustained the objection by asking the prosecution to re-phrase the question. Although this testimony consists of objectionable opinion testimony under LSA-R.S. 15:463, it was only harmless error to receive it into evidence. The weight of the whole case upholds defendant's conviction, and this assertion was not so prejudicial as to require a reversal.
ASSIGNMENT OF ERROR NO. 6
In this assignment of error, the defendant claims that the trial court erred in not requiring the state to make available to the defendant an abstract of the criminal record of the purported victim of the crime. In his brief to this Court, defendant also argues that it was error for the state to fail to furnish the defendant with a list of the criminal convictions and/or arrests of the alleged victim as well as its other witnesses. This attempt to broaden the assignment of error to encompass the state's failure to furnish the defendant with a list of the criminal convictions and/or arrests of all its witnesses will not be allowed. A contention raised for the first time in a defendant's brief is not subject to consideration. State v. Holmes, 354 So.2d 1282 (La.1977).
The United States Supreme Court in Brady v. State of Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), stated that the "suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment..." at 1196. The Louisiana Supreme Court in State v. May, 339 So.2d 764 (La.1976), held that Brady can encompass evidence which is materially favorable to the accused as impeaching evidence. In State v. Harvey, 358 So.2d 1224 (La.1978), the court found that the state must respond to a specific request of the defense by stating whether the state had knowledge or possession of the conviction records of prospective witnesses and if so, then the prosecutor must furnish them to the defense or submit them to the court for determination as to whether the defense was entitled to them.
In his motion for discovery, defendant specifically requested to be supplied with a copy of any record of the criminal arrests and/or convictions of the alleged victim of this offense. The state responded that it was unaware of any record of criminal arrests and/or convictions of the victim, but would attempt to discover same and, if one was discovered, it would be forwarded to the defense as soon as it was obtained. The state responded to this assignment of error by stating that the victim's criminal record never came into its possession.
The court's minutes of March 31, 1982, and of May 6, 1982, reflect that the court found the state's answers to the defendant's motions for discovery and inspection to be sufficient. It should be noted that the minute entry for June 2, 1982, refers to the court's ruling that the state's motion for discovery and inspection, which was set for hearing on that date, was moot.
In reply to this assignment of error, the state alleges that this error is asserted for the first time on appeal; and therefore, since no objection was made during the trial proceedings, the objection was waived.
The Supreme Court in State v. Bonanno, 373 So.2d 1284 (La.1979), commented upon the defendant's failure to call to the court's attention the need for, and his entitlement to, an order mandating the discovery of the information sought, stating:
"Notwithstanding his status as the moving party in connection with the discovery motion, the defendant did not provoke a hearing at which the trial court could have been called upon to judge the sufficiency of the state's response.
* * * * * *
Dorman's inaction effectively deprived the trial judge of an opportunity to make a ruling which would have prevented the *1063 commission of error. Even though the discovery motion is a written motion, in connection with which an objection is ordinarily not required to permit the urging of error on appeal (C.Cr.P. art. 841), the accepted procedure utilized in connection with discovery motions, as in the case of applications for particulars,4 virtually precludes the court's scrutiny unless the defense provokes a hearing to dispute the sufficiency of the state's response and thus causes the matter to be brought to the court's attention.
4 Ordinarily, motions for discovery and for bills of particulars are filed in the record and served on the district attorney, who then answers and files his answer. If the defense is dissatisfied with the state's response, it challenges the sufficiency of the responses by provoking a contradictory hearing."
See also State v. Fisher, 380 So.2d 1340, 1347 (La.1980); State v. Jones, 408 So.2d 1285 (La.1982).
In the case at bar, the record does not reflect any attempt by the defendant to call to the court's attention the need for, and his entitlement to, an order mandating the discovery of the information sought. State v. Bonanno, supra. In fact, the transcript reflects that the defense cross-examined the victim as to her prior convictions without any mention of the state's failure to furnish defendant with a list of the victim's prior convictions or arrests.
Inasmuch as the defendant did not provoke a contradictory hearing as to the sufficiency of the state's response to discovery, he has waived his right to be afforded any relief on appeal. State v. Bonanno, supra. This assignment of error is without merit.
For the foregoing reasons, the sentence imposed is vacated and set aside, and the case is remanded to the district court with instructions to the trial judge to sentence the defendant in accordance with law.
SENTENCE VACATED AND SET ASIDE; REMANDED.
NOTES
[1] Defendant's assignment of error No. 1 alleges that his five year sentence is an excessive sentence for this particular offense. Discussion of this assignment is pretermitted due to our holding in assignment of error No. 2.