649 So.2d 1214 (1995)
STATE of Louisiana, Appellee,
v.
Richard Allen COLE, Sr., Defendant-Appellant.
No. CR 94-1070.
Court of Appeal of Louisiana, Third Circuit.
February 1, 1995.
Rehearing Denied March 17, 1994.
*1216 Monique Yvette Metoyer, Alexandria, for State.
Joseph Richard Kutch, Pineville, for Richard Allen Cole Sr.
Before DOUCET, C.J., and THIBODEAUX and SULLIVAN, JJ.
DOUCET, Chief Judge.

PROCEDURAL HISTORY
On September 14, 1993, defendant was charged by bill of information with one count of theft over five hundred dollars and one count of possession of stolen goods over five hundred dollars. On September 24, 1993, defendant entered a plea of not guilty to all charges. The theft charge was dropped by the state on January 11, 1994. The first trial on the possession of stolen goods charge began on February 22, 1994, with a mistrial based on a hung jury being declared the next day. A new trial was held and on May 18, 1994; the jury found the defendant guilty. Finally, on June 17, 1994, defendant was tried and adjudged a second habitual offender. Defendant was then sentenced to seventy-two months at hard labor without benefit of probation or suspension of sentence. Defendant now appeals alleging three assignments of error.

FACTS:
Defendant Richard Cole and victim Louise Landry met in mid-September of 1992. Subsequent to that meeting, an intimate relationship developed between the two. According to Louise, the relationship became a friendship two weeks after the initial meeting. Richard went to Louise's home on various occasions following the initial meeting. Richard's brother, Clifford, accompanied Richard to Louise's on two or three occasions. Within days or hours following some of the visits, Louise found various items missing from her home, including two rings, some silverware, a handgun, tools and a toolbox. The items became missing at different times over a period of several months. Louise wrote Richard a letter asking him to return the rings and the pistol; one of the rings was then mailed to her. The pistol was returned to her by being placed under a bush outside her house. The silverware and the tools were never retrieved.

ERRORS PATENT:
La.C.Cr.P. art. 920 provides as follows:
The following matters and no others shall be considered on appeal:
(1) An error designated in the assignment of errors; and
(2) An error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence.
A review of the record reveals one error patent. It concerns defendant's habitual offender hearing. Defendant admitted his guilt as a habitual offender. Under La. R.S. 15:529.1(D)(1) and State v. Walker, 432 So.2d 1057 (La.App. 3 Cir.1983), he should have been informed of his right to remain silent and have the state prove its case. In Walker, supra, the trial court's failure to comply with La.R.S. 15:529.1(D)(1) resulted in this court's remand of the case for another multiple offender hearing. The trial judge failed to do so in this case.
However, the transcript of the hearing reveals that when the court began the habitual offender hearing, the defendant's own attorney inquired of the defendant if he had any objection to admitting that he was the same Richard Cole, Sr. in the prior proceedings which formed the basis of his "habitual offender" status. The defendant stated that he had no objection to such admission.
Moreover, if evidence is introduced to establish the prior convictions, the error is not reversible. State v. Mallett, 552 So.2d 28 (La.App. 3 Cir.1989), writs denied 556 So.2d 1258 and 558 So.2d 567 (La.1990). In the case sub judice, evidence was introduced of Cole's prior convictions. The state introduced certified copies of various convictions, and the court accepted one from Catahoula Parish. Defense did not object to the validity of the conviction. Because evidence was introduced to establish the prior conviction, the trial court's failure to comply with La. R.S. 15:529.1(D)(1) does not require remand of the case. Defendant was properly sentenced *1217 after being correctly adjudged a multiple offender.

ASSIGNMENT OF ERROR NO. 1:
By defendant's first assignment of error, he claims insufficiency of the evidence. As to appellant's argument that the verdict is not supported by the evidence adduced, it is well settled that when the issue of sufficiency of evidence is raised on appeal, the critical inquiry of the reviewing court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560, rehearing denied, 444 U.S. 890, 100 S.Ct. 195, 62 L.Ed.2d 126 (1979); State ex rel. Graffagnino v. King, 436 So.2d 559 (La.1983); State v. Duncan, 420 So.2d 1105 (La.1982). It is the role of the fact finder to weigh the respective credibility of the witnesses, and therefore the appellate court should not second guess the credibility determinations of the trier of fact beyond the sufficiency evaluations under the Jackson standard of review. See State ex rel. Graffagnino, supra, citing State v. Richardson, 425 So.2d 1228 (La. 1983).
In order for the state to obtain a conviction, it must prove all the elements of the crime beyond a reasonable doubt. Defendant was charged with possession of stolen goods over five hundred dollars, a violation of La.R.S. 14:69(A) and (B)(1), which read:
A. Illegal possession of stolen things is the intentional possessing, procuring, receiving, or concealing of anything of value which has been the subject of any robbery or theft, under circumstances which indicate that the offender knew or had good reason to believe that the thing was the subject of one of these offenses. [and]
B. (1) Whoever commits the crime of illegal possession of stolen things, when the value of the things is five hundred dollars or more, shall be imprisoned, with or without hard labor, for not more than ten years, or may be fined not more than three thousand dollars, or both.
The elements of the crime are: 1) intentional possessing, procuring, receiving or concealing, of 2) anything of value, 3) which has been the subject of any robbery or theft, 4) where circumstances indicate that the offender knew or had good reason to believe that the thing was the subject of one of these offenses and 5) the value of the items stolen exceeds five hundred dollars. Defendant claims the evidence was lacking to satisfy most of the elements. Our review of the trial transcript, including the various witnesses' testimonies indicates otherwise.
Detective Keith Perkins of the Rapides Parish Sheriff's Office testified he interviewed the victim Louise Landry and Clifford Cole, brother of the defendant Richard Cole. Perkins said that both of them were sober and were able to readily answer questions posed to them.
Clifford Cole, who was called by the state, identified the defendant as his brother, Richard Cole. Clifford stated that he went to Louise Landry's home on only two or three occasions, and that he was with his brother Richard on all of the visits. Clifford testified that while he had access to all the rooms in her house during visits, he only went into the den, the bathroom and the spa. He stated that on the third visit to the house he stayed outside because he was helping his brother Richard clean out Louise Landry's tool shed. He said Landry told them they could take the tool box and she watched them put it in the truck. Concerning the silverware Landry found missing, Clifford testified he was not aware Landry owned silverware until he was told by Detective Perkins she was missing it. The prosecutor then impeached Clifford by reading from a previous statement he had made to Detective Perkins on August 6, 1993. When asked by Perkins if he ever saw the silverware, Clifford replied that Richard had told him he sold the silverware at a flea market. Clifford said on the stand he lied during the interview with Perkins, and the contents of the statement were untrue. Clifford stated on the stand he had addressed an envelope for Richard to Louise Landry but he did not know Richard sent a ring back to her. The prosecutor once again referred to Clifford's previous statement to Perkins. In the statement Clifford said he was told by Richard that he wanted to get *1218 the ring back to Landry but he did not want to give it to her so he mailed it back to her. Once again, when confronted by the prosecution about the inconsistency of the two statements, Clifford said the previous statement to Perkins was a lie because he did not have any knowledge of Richard mailing the ring back to Louise Landry. Clifford also told the prosecutor he never saw the ring and he never told Perkins the ring was yellow gold. The prosecutor read the section of the statement in which Clifford described the ring as yellow gold. Clifford then claimed he was inebriated when he gave the statement to Detective Perkins.
On cross-examination, Clifford stated that on one of the instances of visiting Landry's house he had entered Landry's bedroom and awakened Richard. He also stated that his testimony for the state was part of his plea bargain agreement with the state, and he told Detective Perkins what he wanted to hear during the statement so he could get bond.
Louise Landry identified the defendant Richard Cole. Landry testified that the pistol that was found missing had been kept on a shelf of a nightstand that had a skirt over it. Landry testified that, besides herself, Richard was the only person who knew where the pistol was kept. She testified Richard came to her home on a Thursday night and wanted to visit. Landry refused him and then he asked if he could borrow a shotgun to take his son squirrel hunting. Landry said she let him in and then he went and got his brother Robert who was waiting in the car. Landry and Richard went to the storage room where the shotgun was and then Richard said he had to use the bathroom. Landry and Robert sat and talked during this time. Richard returned and said, "I have to go, I have to go." Landry says she noticed he was fidgety and antsy. After they left, Landry went to bed, but the next morning she thought something was not right. She went to check the pistol and it was gone. Then she checked her jewelry box and found the two rings were missing. Landry said after she noticed the two rings missing she wrote Richard Cole a letter explaining what the rings meant to her and that she would be grateful if he returned them and the pistol to her. She says she slipped the note under his door and then ran errands. When she returned home the phone was ringing; it was Richard. Landry said Richard told her the pistol was on the side of the garage. She then asked him about the jewelry and he said he knew nothing about it. Landry said the yellow gold wedding band was sent anonymously to her in the mail. She said Richard returned the pistol by placing it under a bush near her house.
Landry testified the silverware, the tools and toolbox turned up missing after Clifford and Richard had been at the house helping her clean the utility shed. They both had unaccompanied access to the house. Landry said she was in the utility shed talking with each of them one at a time. She said they always made sure one of them was in the utility shed with her. Landry said she could not see the back door of her house nor the gate to the driveway from the utility shed. She testified Richard was the only one who knew she kept her silver in that drawer. Landry also testified as to the value of the silverware, the rings, the tools and the tool box. She said the silverware was appraised at about ninety-two hundred to ten thousand dollars, and she paid one hundred twenty-five dollars for the wedding band and three hundred eighty-nine dollars for the turquoise ring. She testified the tool box cost seventy-nine dollars and the tools cost forty-five dollars. Landry did not testify to the value of the gun. The stolen items exceeded the five hundred dollar requirement of the statute.
We find that viewing the evidence in the light most favorable to the prosecution, a reasonable jury could have found sufficient evidence to find defendant guilty beyond a reasonable doubt. Clifford's testimony was impeached, and the jury may have found Landry and Officer Perkins more credible. Accordingly this assignment of error lacks merit.

ASSIGNMENT OF ERROR NO. 2:
By this assignment of error defendant contends Landry's testimony as to the value of the tool set and the silverware were hearsay under La.Code Evid. art. 801. Defendant *1219 contends Landry rightfully testified about the value of the rings because she paid for them. The value of the gun is not in issue because Landry testified that she had no idea about the value of the gun.
La.Code Evid. art. 801(C) states:
C. Hearsay. "Hearsay" is a statement, other than one made by the declarant while testifying at the present trial or hearing, offered in evidence to prove the truth of the matter asserted.
Although defendant does not refer to any other evidence articles in his brief, staff assumes he makes his argument in conjunction with La.Code Evid. art. 802 which makes hearsay inadmissible. In State v. Lambert, 475 So.2d 791 (La.App. 3 Cir.1985), writ denied, 481 So.2d 1345 (La.1986), this court was faced with a similar claim by a defendant. In Lambert, the victims testified as to the value of stolen items including a gun and replacement of and responsibility for a stolen credit card. The defendant claimed these testimonies were hearsay. The court held the victims' testimony constituted their personal knowledge and was thus admissible. Lambert, 475 So.2d at 794. Landry had the silver appraised so she could have personal knowledge of the amount of the silver. Thus, her testimony stemmed from personal knowledge and was not inadmissible hearsay.
In State v. Hoskin, 605 So.2d 650 (La.App. 4 Cir.1992), a possession of stolen goods case, the court held the owner's testimony as to the value of the stolen goods was sufficient if it was clear and uncontradicted. Landry had the silverware appraised and testified based upon that appraisal. The defense could have brought up the value of the silver on cross-examination if he wanted to impeach or contradict Landry's testimony. Additionally, he could have subpoenaed the appraiser from the store where Landry had the jewelry appraised. The defense chose to do neither and so Landry's testimony was clear and uncontradicted as required by Hoskins. Staff submits Landry's testimony as to the value of the silverware was sufficient and correctly admitted.
As to the tool box and the sprocket set, nothing in the transcript indicates Landry did not pay for these items. Landry was asked what she paid for the items and she responded with what she thought the prices for the items were. The defense did not cross her on the topic of her knowledge of the tools and tool box or whether she had purchased them. The defendant claims that Landry's answer was hearsay, yet he presented no contradictory evidence to show Landry did not testify from personal knowledge. Based on Hoskins, supra, Landry's testimony was sufficient because it was clear and uncontradicted. Staff submits Landry's values for the tools and tool box were properly admitted as they were not hearsay.
Because Landry's testimony as to the value of the silver, the tools and the tool box resulted from her personal knowledge, it did not constitute hearsay. Hence it was properly admitted into evidence. Thus this assignment of error also lacks merit.

ASSIGNMENT OF ERROR NO. 3:
Defendant contends in his third assignment of error the testimonies of Louise Landry and Clifford Cole made references to other crimes and a mistrial should have been declared based on these references. Defendant refers to a bench conference held during trial at which time defense counsel objected to Landry's testimony regarding the tool box and some tools. Landry stated the Coles were at her house, helping her clean out a utility shed. They asked if they could have the tools and toolbox and she told them no. Landry then testified, without further prompting from the prosecution, that the Coles "took all of that regardless." Defendant's objection was based on his belief that Landry's answer was evidence of another crime, either theft or unauthorized use of a moveable. The judge did not grant a mistrial saying the testimony did not make a strong reference or point to Richard Cole being guilty of theft. The judge did caution Landry to be careful not to give the impression Richard Cole stole anything. La.Code Evid. art. 404(B)(1) states:
B. Other crimes, wrongs, or acts. (1) Except as provided in Article 412, evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in *1220 conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident, or when it relates to conduct that constitutes an integral part of the act or transaction that is the subject of the present proceeding.
Although Landry's comment that the Coles took the tool box and tools was evidence of another crime, it was properly admitted because it related to conduct that constituted an integral part of the act or transaction that was the subject of the proceeding. That the goods in issue were stolen is an element of the crime of possession of stolen goods. If the Coles were authorized to take the tool box and tools, then the goods were not stolen. If the goods were not stolen then one of the elements of the crime is lacking. The reference to the Coles taking the tools and tool box was not offered to depict the defendant as a bad man but was admissible because it helped to prove that the goods were stolen, and this fact was an integral part of the crime for which the defendant was being prosecuted. Thus, the trial judge's decision to forego granting a mistrial was proper.
During Clifford's testimony he was asked by the prosecution whether he recalled testifying previously that he had gone to Landry's home with Richard Cole. Defense objected to the prosecutor's question arguing it made reference to a prior trial. The judge overruled the objection saying it did not make reference to another trial. La.Code Crim.P. art. 770(2) states:
Upon motion of a defendant, a mistrial shall be ordered when a remark or comment, made within the hearing of the jury by the judge, district attorney, or a court official, during the trial or in argument, refers directly or indirectly to:
* * * * * *
(2) Another crime committed or alleged to have been committed by the defendant as to which evidence is not admissible;
* * * * * *
The prosecutor's question was whether Clifford had previously testified that he had gone to Landry's home with Richard. This question does not refer to another crime alleged to have been committed by the defendant, rather he question concerns Clifford testifying previously about something he did, that is, going to Landry's home. There is no indication that Clifford previously testified in a trial for a crime which Richard committed. The trial judge's denial of a mistrial based on this objection was proper.

CONCLUSION:
It is clear that sufficient evidence existed for a reasonable jury to have found defendant guilty of possession of stolen goods. The value of the stolen items was properly proven through the testimony of the owner. Although Clifford Cole and Louise Landry's testimony established that the missing property had been stolen, it did not contain evidence of other crimes warranting a mistrial. Accordingly, defendant's assignments of error are without merit and the trial judge's decision is affirmed.
AFFIRMED.