11 STEWART, J.
The state originally charged the defendant, Gary Wayne Ashley, with illegal possession of stolen things (a white Pontiac) and aggravated flight from an officer, violations of La. R.S. 14:69 and La. R.S. 14:108.1(C), respectively. However, the defendant was only tried on the aggravated flight charge. A jury found the defendant guilty as charged. The trial court then adjudged the defendant to be a fourth felony offender and sentenced him to 25 years at hard labor, which sentence the court reduced to 22 years after acting on the defendant’s motion for reconsideration. The defendant now argues that the prosecutor erred in mentioning “other crimes evidence” while describing the res gestae of the defendant’s offense, and that the evidence is insufficient to support the conviction. We hereby affirm the defendant’s conviction and sentence.
*819 FACTS
On May 7, 1999, in the afternoon, Officers Mike McConnell and James Dickard were together on directed patrol in Shreveport, at the intersection of Mansfield and Claiborne. Officer McConnell noticed a white Pontiac Grand Am, driven by the defendant, headed eastbound on Claiborne. Officer McConnell recalled a broadcast earlier that day that a white Pontiac had left the Texaco in the 1400 block of Jewella without paying for gas. The officers called in the tag, followed the Pontiac, and received notice that the car was stolen. After attempting to pull the car over, the Pontiac sped up and gave chase. During the chase, Officer Dickard lost visual contact of the Pontiac. Eventually, the officers found the vehicle wrecked in a ditch near Murphy Street and unoccupied. The defendant was later arrested after police discovered him under a house on Harvard Street.
DISCUSSION
When issues are raised on appeal both as to the sufficiency of the evidence and as to one or more trial errors, the reviewing court should first determine the | ¡.sufficiency of the evidence. The reason for reviewing sufficiency first is that the accused may be entitled to an acquittal under Hudson v. Louisiana, 450 U.S. 40, 101 S.Ct. 970, 67 L.Ed.2d 30 (1981), if a rational trier of fact, viewing the evidence in accord with Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), in the light most favorable to the prosecution, could not reasonably conclude that all of the elements of the offense have been proved beyond a reasonable doubt. State v. Hearold, 603 So.2d 731 (La.1992); State v. Bosley, 29,253 (La.App.2d Cir.4/2/97), 691 So.2d 347, writ denied, 97-1203 (La.10/17/97), 701 So.2d 1333.

Sufficiency of the evidence

By assignment of error, the defendant argues that the state failed to prove that he was the person who was driving the stolen car and who attempted to elude the police. Because the defendant was not found in the white Pontiac after it crashed and because he had no marks, cuts, or bruises to indicate that he had been involved in a “major” accident, the defendant argues that the identifications by Officers McConnell and Dickard were unreliable circumstantial evidence of the defendant’s identity as the driver of the subject car. The thrust of the argument is that the officers’ “cursory glance” at the car and its driver could not constitute a credible basis for identification.
As noted, under Jackson v. Virginia, supra, the proper standard of appellate review for a sufficiency of evidence claim is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Bosley, supra; State v. Bellamy, 599 So.2d 326 (La.App. 2d Cir.1992), writ denied, 605 So.2d 1089 (1992).
In all cases where an essential element of the crime is not proven by direct evidence, La. R.S. 15:438 applies. As an evidentiary rule, it restrains the fact | ¡¡finder in the first instance, as well as the reviewer on appeal, to accept as proven all that the evidence tends to prove and then to convict only if every reasonable hypothesis of innocence is excluded. Whether circumstantial evidence excludes every reasonable hypothesis of innocence presents a question of law. State v. Shapiro, 431 So.2d 372 (La.1982); State v. Hammontree, 363 So.2d 1364 (La.1978).
Aggravated flight from an officer is the intentional refusal of a driver to bring a vehicle to a stop, under circumstances wherein human life is endangered, knowing that the driver has been given a visual and audible signal to stop by a police officer when the officer has reasonable grounds to believe the driver has committed an offense. The signal shall be given by an emergency light and a siren on a *820 vehicle marked as a police vehicle. Circumstances wherein human life is endangered include: leaving the roadway; forcing another vehicle to leave the roadway; exceeding the posted speed limit by 25 miles per hour or more; and, traveling against the flow of traffic. La. R.S. 14:108.1. '
It also can be noted that evidence of flight, concealment and attempt to avoid apprehension is relevant. It indicates consciousness of guilt. State v. Davies, 350 So.2d 586 (La.1977); State v. Morris, 521 So.2d 1214 (La.App. 2d Cir.1988), writ denied, 530 So.2d 80 (1988). Flight from the scene of the crime indicates consciousness of guilt and is a circumstance from which a jury may infer guilt. State v. Brown, 618 So.2d 629 (La.App. 2d Cir.1993), writ denied, 624 So.2d 1222 (1993).
In this case, Officer Mike McConnell testified that on the day in question he and his partner, Officer Dickard, were working in the Queensborough area of Shreveport. The police officers earlier had heard a “be on lookout” (BOLO) for a white Pontiac which had left a gas station without paying for gasoline.
[4While sitting at a stop light, McConnell (who was a passenger in the police car) saw a car which matched the BOLO description and made eye contact with the driver. The officers began to follow the car while they checked with headquarters about the car’s status. After following the car for three miles, the dispatcher said the car was reported as stolen.
The officers used their radio to set up for a possible pursuit. Corporal Vishnef-ski set up a roadblock at Pierre and Linwood by activating his lights and blocking the whole roadway. The defendant left the roadway to avoid the block, regained the road, and took off to the north at a high rate of speed. He ran a red light at Murphy and Pierre at a speed of 50-55 miles per hour “with no regards for life or property.”
The defendant turned west in a 25 m.p.h. zone and reached high speeds such that Officer Dickard slowed down, hoping that the defendant would also slow down and not kill someone. The defendant turned left [south] on Norma and ran a stop sign at Murphy St., allegedly at a high rate of speed. The defendant almost collided with Cpl. Vishnefski, who joined the pursuit. The defendant lost control and crashed at Maple and Yale. The Pontiac overturned, but the defendant fled on foot. McConnell and Dickard secured the scene; other officers captured the defendant a half block away, hiding under a house.
We believe that the evidence, viewed in the light most favorable to the prosecution, is sufficient to prove the elements of the offense beyond a reasonable doubt. Two police officers testified that they looked at the driver of the suspect car. The officers were able to identify that driver as the defendant. The defense does not contest the proof of the other elements. The police had reasonable grounds to believe that the driver had committed an offense when they initiated their pursuit, because he was driving a car reported as stolen. The evidence shows that the defendant’s car attempted to elude the police, left the roadway, went into | .¡opposing traffic, and traveled at more than 25 m.p.h. over the posted speed limit in a housing area, all of which constitute circumstances wherein human life is endangered. The defendant did this while the police cars were operating their emergency lights and sirens.
Although the officers did not have time to take a long look at the defendant when they first saw him, both officers were positive of their identifications of the defendant as the driver. The police found the defendant hiding under a house near the scene of the damaged car after the chase. Upon review of the record, we find that this assignment of error lacks merit.

*821
Motion for Mistrial

By assignment of error, the defendant argues that the trial court should have granted the defendant’s motion for a mistrial on the grounds that the prosecutor impermissibly referred to other crimes committed by the defendant. Specifically, the defendant argues that the prosecutor’s remark in his opening statement that the defendant fled from the police because he was driving a stolen car was error.
La.C.Cr.P. art. 770(2) provides that upon motion of a defendant, a mistrial shall be ordered when a comment, made within the jury’s hearing by the prosecutor, refers directly or indirectly to another crime committed or alleged to have been committed by the defendant as to which evidence is not admissible (emphasis added). Thus, the article contains an exception and is not a blanket prohibition against the admission of any and all evidence of other crimes regardless of the purpose of that evidence.
It has been held that mentioning another offense which is an element of the offense on trial does not warrant a mistrial as a violation of article 770. See State v. Cole, 94-1070 (La.App. 3d Cir.2/1/95), 649 So.2d 1214, 1219. There, in a prosecution for possession of stolen goods, the court held there was no error when the victim testified that the defendant took a box of tools from the victim’s house. |fiThe court reasoned that such evidence related to conduct which constituted an integral part of the act or transaction which was the subject of the proceedings. See State v. Smith, 95-1826 (La.App. 1st Cir.9/27/96), 681 So.2d 980, writ denied, 96-2568 (La.3/27/97), 692 So.2d 390, as to the permissible use of evidence of a stolen car as a getaway vehicle by an armed robbery defendant to show his attempt to conceal his involvement in the offense.
The notice requirements of State v. Prieur, 277 So.2d 126 (La.1973), are “not applicable to the evidence of offenses which constitutes an integral part of the act or transaction which is the subject at bar.” State v. Salter, 31,633 (La.App.2d Cir.2/24/99), 733 So.2d 58, writ denied, 99-0990 (La.9/24/99), 747 So.2d 1114.
This court also held “other crimes evidence is admissible when intertwined with the charged offense to such an extent that the state could not accurately present its case without reference to the evidence.” The purpose of such evidence is not to depict the defendant as a bad person, “but rather to complete the story of the crime on trial by proving the immediate context of happenings near in time and place.” Salter, 733 So.2d at 64.
The trial court denied the motion for mistrial after finding the state was required to prove, as an element of the offense, that the police had reasonable grounds to believe that the driver had committed an offense. The court also found that, until the day of trial, the defendant had been charged with illegal possession of stolen things and certainly had the opportunity to contact the owner of the Pontiac for possible trial testimony concerning the circumstances of how the defendant came to be in possession of the car.
The defendant concedes that the state offered the evidence about the car being stolen to prove a material issue of the offense, which would be a valid exception to the prohibition of references to other crimes. However, the defendant contends that such evidence was not required to prove the state’s case and its ^admission was highly prejudicial, depriving him of a fair trial. Appellate defense counsel bases this contention on an assertion that the officer had reasonable grounds to believe the vehicle had been involved in a gas drive off, thus the evidence that the car had been stolen was “cumulative, unnecessary and highly prejudicial.” Counsel argues it was more prejudicial for the defendant to be labeled an auto thief than to be identified as a gas thief and concludes, based on that distinction, that the motion for mistrial should have been granted.
*822 The state argues that one of the elements the state must prove is that the police officer had reasonable grounds to believe the driver of the fleeing vehicle has committed an offense. The state points out that the officers did not decide to stop the car until after they had learned it was stolen, and that the car never was positively identified as the car involved in the gas drive off.
We believe that the testimony concerning the BOLO and the stolen car was an integral part of the state’s story of the context of the offense on trial. Also, the evidence was crucial to show that the police officer had reasonable grounds to believe that the driver of the car had committed an offense. Thus, the evidence of other crimes was admissible and falls within the exception of the last clause of La. C.Cr.P. art. 770(2). This assignment of error lacks merit.
CONCLUSION
For the reasons just discussed, we hereby affirm the defendant’s conviction and sentence.
AFFIRMED.
BROWN, J., concurs with written reasons.